## THE SALEM GRAVEL ROAD CO. *v.* PENNINGTON.

TURNPIKE.—*Complaint Against Corporation.*—*Bill of Particulars.*—In an action against a gravel road company, upon an account stated, for work and labor done for the defendant, it is not necessary to file a bill of particulars with the complaint, nor is it necessary to aver therein that the defendant is a legally organized corporation.

EVIDENCE.—*Declarations.*—*Hearsay.*—The declarations of a deceased third person, not made by him as a witness on a former trial, are not competent evidence on the trial of an action on an account stated.

From the Hendricks Circuit Court.

*C. C. Nave* and *C. A. Nave*, for appellant.

*J. V. Hadley*, for appellee.

PERKINS, J.—The appellee sued the appellant, to recover a sum of money.

The complaint contained two paragraphs. The first was upon an account stated, and so was the second.

Demurrer to the complaint for want of facts overruled, and exceptions entered.

Answer, in four paragraphs:

1. General denial;
2. Payment;
3. Payment in named specific articles;
4. Statute of limitations.

Reply to the 2d, 3d and 4th paragraphs in general denial.

Trial by the court, finding for the plaintiff (appellee), and judgment, over a motion for a new trial, on the finding.

Appeal to this court.

Errors assigned:

1. The overruling of the demurrers to the several paragraphs of complaint;
2. The overruling of the motion for a new trial.

The grounds of the demurrers to the complaint, as stated by counsel in their brief, are,

1. Absence of a bill of particulars;

2. Absence of averments showing that the gravel road company sued was a legally organized corporation.

This suit was against the corporation on an account stated, for work and labor done for the corporation, not upon an open account. In such suit we do not think it was necessary for the plaintiff to file a bill of particulars with his complaint. See sec. 78, 2 R. S. 1876, p. 73. Nor do we think in such a suit it was necessary for the plaintiff to aver that the defendant was a legally organized corporation.

The grounds of the motion for a new trial were·

1. The refusal of the court to permit the declarations of a deceased person to be given in evidence;

2. Finding of the court not sustained by the evidence.

The declarations of the deceased person were clearly hearsay, and inadmissible. *Doe* v. *Cunningham*, 6 Blackf. 430. They were not shown to be a part of the *res gestœ*. *Dukes* v. *The State*, 11 Ind. 557. They were not made by the person as a witness on a former trial. See *The Indianapolis, etc., R. R. Co.* v. *Stout*, 53 Ind. 143.

The evidence tended to support the finding.

The judgment is affirmed, with costs.