## CHARLES W. LYNDE vs. STEPHEN VERITY and wife, EDWARD WILSON and others.

If a defendant omits to serve his answer within the twenty days prescribed by §§ 107, 121, of the code, he is not utterly and finally excluded from his defence, but may, on applica-cation to the court with a sufficient excuse and swearing to merits, be permitted to serve his answer and to come in and defend, (upon terms.)

The provisions of the statute are not to be construed peremptorily, but directory in such a case.

The court should require a Defendant, upon a motion of this kind, to prepare and swear to his answer, and serve it with his other motion papers.

*Kings County Special Term, December 3d*, 1848.—Before STRONG, Justice.—A motion was made to allow the Defendant Wilson to answer, although more than twenty days had elapsed since the complaint and summons had been served upon him. It appeared that there had been a misunderstanding between him and his attorney which had caused the delay. He swore to merits.

A. CRIST, *in favor of the Relators.*

C. R. LYNDE, *contra.*

STRONG, Justice.—The 107th section of the Code of Procedure directs that the summons shall require the Defendant to answer the complaint, and serve a copy of the answer, within twenty days after the service of the summons, exclusive of the day of service. The 121st section says that the answer must be served within twenty days after service of a copy of the complaint. The 201st section provides that judgment for the Plaintiff may be had if the Defendant fails to answer the complaint, in the several ways specified in that section. It is insisted that the terms of the statute are peremptory, and that this court cannot, after the lapse of the twenty days, and a failure to answer within that time, open any subsequent proceedings and let the Defendant in to answer. There are some cases, undoubtedly, where there must be a strict compliance with the statute as to time, or the party making the default is remediless. Such is

the rule in reference to the performance of a condition precedent to the vesting a right. The condition must be performed, or the right never occurs. That may be the case on appeals, as was decided by the late chancellor, where the right to sustain them depends upon the performance of some act within a given time. The right to appeal at all is conferred by the statute. The party has had an opportunity of being heard, and has ordinarily been heard in his defence, and the presumption at least is that justice has been done. But it is different, I apprehend, where the result of a rule, if adopted, would deprive the Defendant of a right existing independently of the statute. There it would be in the nature of a penalty, and that should never be inflicted without clear and explicit directions to that effect. Now the privilege of being heard, when charged with an offence, or even a pecuniary demand, is an innate, not a statutory, right, and no one should be precluded from making his defence, where he has, from some unforeseen accident, or any other excusable cause, omitted to interpose it on paper within the time prescribed by the statute. Nor can I suppose that the framers of the code designed to produce so great a hardship. The provisions of the statute must be considered as merely directory. The Defendant cannot be let in to make his defence as a matter of course. He must excuse the delay and satisfy the court that he has a probable defence on the merits. That the court may be reasonably satisfied that he has such defence, he must draw and swear to his proposed answer, and serve a copy of it with his notice of motion. He will then be permitted to answer on terms such as the nature of the case may require.

As no copy of the proposed answer has been served in this case, the motion may lie over until a subsequent day in the term, with the privilege of re-moving it on proving the service of the requisite papers. The Defendant must pay $10 costs.