Dix agt. Palmer and Schoolcraft.

5 How. 233–FOLLOWED, 9 How. 91, 265.<br>
<em>See</em> 5 How. 238, 241.

## SUPREME COURT.

### DIX agt. PALMER AND SCHOOLCRAFT.

A summons issued without mentioning the *court* from which it emanates, is defective. (*The form prepared by the Commissioners on Practice and appended to their Report of the Code of* 1848, *is bad in that particular.*)

A general notice of *appearance* given by the defendant, however, waives the irregularity. It is an admission that he has been regularly brought into court.

Where the defendant has appeared, but not answered, in an action for the recovery of money only, and the complaint is duly verified, he is not entitled to notice of *assessment.* In such case there is no assessment—judgment is entered of course (§ 246).

An adjustment of costs, *without notice* (where the defendant has appeared), does not render the *judgment irregular.* It is the adjustment of costs, *only,* that is irregular. It is the same, in principle, as the *taxation* without notice was formerly, *irregular,* and liable to be set aside; but never affected the judgment as to damages.

30

Dix agt. Palmer and Schoolcraft.

A *readjustment* on *notice* cures the irregularity, the same as a retaxation on notice did formerly.

An affidavit of merits, for the purpose of being let in to defend, in a common law action, is not required to be *special* (as was required in chancery cases), where there are no suspicious circumstances attending the case. It must be special where such circumstances exist.

*Oneida Special Term, February* 1851.

·CHARLES H. DOOLITTLE, *for Defendants,* moved to set aside a judgment.

J. W. JENKINS, *Opposed.*

GRIDLEY, Justice.—*First.* One irregularity relied on, to show that the judgment is irregular, consists of a defect in the summons. It mentions no court from which it emanates. In using a summons of this description, the plaintiff's attorney followed the form prepared by the commissioners on practice and appended to their report of the Code of 1848. But, notwithstanding it claims so high a paternity, it has been repeatedly pronounced, radically defective. In a considerable class of cases the Supreme Court and County Court have concurrent jurisdiction, and a summons should certainly inform a party in what court he is sued. (See 1 *Code Reporter,* 118; 2 *Id.* 75—128; 4 *How. Pr. R.* 154).

This would be a fatal objection to the judgment, had not the defendant's attorney given a general notice of appearance and thus waived the irregularity. It is true the fact of appearance is stated in a very general way; but we must conclude that, if the defendants appeared at all, it must be in this suit; otherwise the mention of the fact would be impertinent. Having appeared in this suit and in this court, the defendants admit themselves to be *regularly in court*; and therefore all defects in the summons, and its service, and even the total omission of any summons, at all, become immaterial. The defendants have taken a step in the cause which admits that they have been regularly brought into court. (See 2 *Hill,* 362; 3 *Howard's Pr. R.* 27; 7 *Cowen,* 366; 2 *Howard's Pr. R.* 241)

*Second.* A second ground of irregularity, is the alleged omission to give notice of assessment, and of adjustment of costs not-

withstanding a notice of appearance had been served. (1st.) As to the assessment. It appears that the complaint was duly verified, and was for the recovery of money only. In such case there is no assessment—judgment may be entered of course (*Code*, § 246).

(2d.) As to the adjustment of costs. The affidavit of the plaintiff's attorney states that though judgment was entered without a notice, that notice of a readjustment was given, at which readjustment the defendants did not appear. This was regular according to the old practice. The retaxation of costs, though *irregular*, never affected the regularity of the judgment; the only irregularity was in the taxation of costs, which would be set aside, unless they were retaxed on due notice (7 *Cowen*, 411; 2 *Wend.* 244). I am aware that it has been decided in the Superior Court, that the omission to give notice of the adjustment of costs renders the *judgment irregular*. The decision is founded on the 311th section of the Code, which requires a notice of adjustment of costs, before the entry of judgment. I have a great respect for the opinions of that court, but it seems to me that, in this instance, the decision was erroneous. It is founded on the inflexible nature of a statutory rule. In other words, the statute now requires a notice of the adjustment of costs; whereas, a rule of practice formerly required a notice of taxation. The taxation therefore without notice, was *irregular*, and that is the only consequence of an adjustment without notice now. *It is irregular*, and is liable to be set aside. But this statutory rule does not render the costs a part of the judgment in any different sense from what they were before the Code. There has always been a distinction between a judgment for damages, and a judgment for costs. Judgments are sometimes *reversed* as to costs, and *affirmed* as to damages. The most that can be said of the adjustment without notice, is, that it is *irregular*. So it was to *tax* costs without notice. The injunction of statute does not create a condition precedent to the entering of judgment, any more than the rule of court did formerly. And when we admit that the act is *irregular*, we do all that the statute requires of us. We also hold that a taxation without notice would render the taxation *irregular*.

Dix agt. Palmer and Schoolcraft.

But we have seen that a retaxation on notice, with an order to endorse the deduction on the execution, would cure the irregularity, under the old practice. And there is no good reason, why it should not do it now. The notice of the readjustment of costs therefore rendered the judgment for costs regular, and the judgment for damages was never irregular.

(3d.) The defendant has read an affidavit of merits in a general form. The plaintiff cites several cases, which hold that the affidavits of merits under the Code should be special, as was required in chancery cases. I do not think that is indispensable in a case where there are no suspicious circumstances. I adhere to the Supreme Court rule (4 *Hill*, 61, *note*). But in this case, all the circumstances of the case tend to throw suspicion on the application. It appears by the defendants' own letters stating the account, between the parties, that the difference between them and the plaintiff, consists in a certain draft, which the defendants accepted. But the plaintiff has been compelled to take up this draft, after it was dishonored by the defendants. In addition to this, it appears that the defendants are in very straitened and it is feared, failing circumstances. All this was known to the defendants when they swore to merits. If they were, notwithstanding, advised that they had a good defence on the merits, they should have shown to the court in what it consisted.

The motion is denied with $10 costs, but without prejudice to a new motion, if the party can by a statement of the facts of his defence, remove the cloud of suspicious circumstances in which he is involved.