Southworth and others agt. Curtis.

---

## SUPREME COURT.

### SOUTHWORTH AND OTHERS agt. CURTIS.

Where a plaintiff in verifying a complaint, swears positively that it is *true*, it is in law swearing that it is " *true to the knowledge*" of the plaintiff, as required by § 157 of the Code.

A notice of assessment to the defendant in an action on contract for the recovey of money only, under § 246 is not necessary where the complaint is properly verified.

' *Pulaski Circuit and Special Term, November* 1851. This action is founded upon two promissory notes given by defendant to the plaintiffs. A demurrer to the complaint was overruled as frivolous and judgment ordered for the plaintiffs, which was accordingly entered without giving to the defendant or his attorney, a notice of assessment under section 246 of the Code. This motion is made to set aside the judgment as irregular, for the want of such notice. Notice of appearance by an attorney for

the defendant in the action was served simultaneous with the demurrer.

The affidavit verifying the complaint, and upon which the question arises, is in these words: "Madison county, ss: Philip F. Southworth, one of the plaintiffs in the above entitled cause, being duly sworn says, that he has heard the foregoing complaint read, and that *it is true*, except as to the matters stated on information and belief, and as to those matters he believes it to be true."

On the argument it was not disputed that Southworth was a party to the action as recited in the affidavit.

Every averment in the complaint, the execution of the notes, delivery to the plaintiff, and indebtedness, is stated positively, not upon information or belief.

L. FOWLER, *for the Motion.*

J. P. WHITTEMORE, *Opposed.*

HUBBARD, Justice—The question on this motion is as to the sufficiency of the affidavit verifying the complaint. The particular objection is that under section 157 of the Code, it should have stated that the complaint was *true to the knowledge* of the party deposing. It is, however, to be observed that the Code does not prescribe the *form* of the affidavit, but requires when made by a party to the action, that it shall be to the *effect* that the complaint is true to his knowledge, except as to matters stated on information or belief, and as to those he believes it to be true.

I regard this affidavit as a sufficient verification. The complaint contains positive averments of a cause of action; nothing is alleged on information, and hence the affidavit verifying its truth, implies that it is to *the knowledge* of the deponent. That this is its legal effect, is apparent from the consideration that if untrue or false, or in other words, if the party deposing had no knowledge whatever of the truth of the complaint, he might be indicted for perjury.

Upon trial it is always understood, when a witness swears to

the existence of a fact material to the controversy, he swears from his *personal knowledge*, although he does not in words so state; and if his testimony proves to be false, or he had no know-ledge of the fact to which he affirmed, an indictment would lie. The law regards the substance, the intent and legal effect of the oath, rather than its phraseology, on the question of perjury.

In this case the plain import and intent of the affidavit is to verify absolutely, and upon sufficient knowledge, the truth of the complaint. If the words "to deponent's knowledge," had been added, its legal effect would have been precisely the same.

The Codes of 1849 and 1851 are not materially different on the subject of verifying the complaint. The latter in addition to the former, requires that in a case of several plaintiffs united in interest, the affidavit must be made by some one *acquainted with the facts*.

It was supposed that this affidavit was defective in not stating that the deposing party was acquainted with the facts. But this objection has already been answered in the construction given to the affidavit, nor do I think taking this portion of the section with the preceding, that it shows that the legislature in amend-ing section 157, intended that the affidavit should specifically state that the party making it, when one of several plaintiffs united in interest, was acquainted with the facts. It seems to me clearly where a party swears positively that a pleading is true, he must in law be understood as swearing that he *knows* it to be so, and if untrue, or he does not know it to be true, he must abide the consequences of wilful and corrupt perjury.

This affidavit I therefore deem sufficient; and as the complaint was properly verified, no notice of assessment before the clerk was essential, and the motion must be denied, with $10 costs of opposing.