GEORGE H. FOSTER *vs.* W. D. BACON, Appellant.

APPEAL FROM CIRCUIT COURT, JEFFERSON COUNTY.

Heard August 1.]                    [Decided October 18, 1859.

*Venue—Place of Trial—Practice.*

If a defendant before the time of answering expires, make an application demanding that the place of trial be changed to the county in which he resides, and where he is served with process, he is entitled to have such change made.

When a defendant had made a proper application for a change of the place of trial, he does not loose his right to have the change made, by putting in a demurrer to the complaint, and appearing and arguing the same before the judge at chambers.

The right to have a change of the place of trial is a right secured to the party by the law; and when a proper application has been made, the party does not lose the right of resisting the entry of a judgment against him, in the court from which the change should be made.

The facts in this case are sufficiently stated in the opinion of the court.

*John E. Holmes,* for the appellant.

*David Noggle,* for the respondent.

*By the Court,* COLE, J.   It would be a very laborious task to attempt to notice, in the briefest manner, all the questions of practice, raised upon the briefs of counsel, and discussed in this cause; and, therefore, we shall be compelled to pass by many things we might otherwise have considered. In our opinion both orders from which the appeal has been taken must be reversed; for the reason that the appellant made a proper application, and was entitled to have the action tried in Waukesha county, under § 29 of the code, and chap. 81,

Foster vs. Bacon.

Session Laws, 1857, page 92. The suit was commenced in the circuit court of Jefferson county, on the 2d of October, 1857, by issuing a summons with a complaint, which, it appears, were served upon the defendant, Bacon, in Waukesha county. On the 19th of that month E. M. Randall, as attorney for Bacon, served a written notice upon Foster's attorney, stating that he appeared on the part of the defendant in the action, and demanded that the place of trial be changed from the county of Jefferson, to the county of Waukesha, where the summons and complaint were served, and where Bacon resided, and that the trial of the action be had in Waukesha county. On the day after giving this notice he served a demurrer to the complaint. A motion was made on behalf of Foster, and upon due notice thereof to Bacon's counsel that the demurrer be adjudged frivolous, which motion was argued at chambers, before the judge of the 9th judicial circuit, by counsel for both parties, and the motion sustained. On the 13th of January following, the attorney of Foster gave notice, by mail, to the opposite party, of the decision of the judge upon the demurrer, and of the time and place for assessing the amount Foster was entitled to receive; and went on and perfected his judgment before the clerk of the circuit court. After the judgment had been entered by the clerk, and within proper time, under the statute, Bacon took an appeal to the circuit court of Jefferson county, from the order made by the judge, at chambers, adjudging his demurrer frivolous; gave an undertaking under § 244 of the code, though the sureties did not justify in double the amount of the undertaking, as required by § 251 of the same enactment. This appeal was dismissed on notice at the next term of the circuit court, and at the same term a further motion was made by Bacon's counsel to vacate all proceedings and orders in the action, and the judgment entered, and to change the place of trial to Waukesha county. This latter motion

was overruled. From the order denying the latter motion, and from the order dismissing the appeal, and from the order made by the circuit judge at chambers, an appeal has been taken to this court.

From this statement it will be seen that the action was not commenced in the county in which the defendant resided, and that he, before the time for answering expired, demanded, in writing, that the trial be changed to Waukesha county. If there is any force or meaning in § 29 of the code, as amended by chap. 81, Session Laws, 1857, he was entitled to a change of the place [of trial. But it is contended by the counsel for the respondent, that he waived this right to a change of the place of trial, by putting in a demurrer to the complaint, and appearing and arguing that demurrer before the circuit judge. We do not think so. He made his application, or gave notice to the opposite party of his demand for a change of the place of trial in the first instance. By the consent of the opposite party this demand might have become effectual, and the place of trial have been changed; but if the opposite party would not consent to such change, then it became the duty of the circuit court to make an order changing the place of trial.

The fact that the respondent, instead of consenting that the cause be tried in the proper county, applied to a circuit judge, at chambers, for an order adjudging the demurrer frivolous, ought not to prejudice the appellant's right to a change of the place of trial. It is true the appellant resisted this application thus to dispose of his demurrer, but what other course remained for him to pursue? Must he let this application go by default, in order to preserve aright the statute secured to him?

At the next term of the court he made his motion to vacate the judgment which had been entered up, and to change the place of trial, and what more could he do? Certainly if he

was entitled to a change of the place of trial at all, we do not think he lost that right by any thing which he did in this cause.

The order, therefore, of the circuit court, refusing to vacate the judgment entered and all antecedent proceedings, was erroneous, and must be reversed, and the cause remanded for further proceedings according to law.