Levy and others vs. Goldberg.

LEVY and others vs. GOLDBERG.

SUPREME COURT: STAY OF PROCEEDINGS. *(1) Power of supreme court to stay proceedings. (2) Stay of proceedings on appeal from refusal to vacate judgment by default. (3) Stay granted by supreme court on terms. (4) Undertaking required: plaintiff may except to sureties.*
PRACTICE: CHANGE OF VENUE: VACATING JUDGMENT. *(5) Practice on change of venue. (6) On motions to vacate judgment. (7) Appealable order.*

1. This court has an inherent power to stay proceedings in any matter appealed to it.
2. It is the general policy of the law to allow a defendant to stay proceedings under a decision of an inferior tribunal against him, from which he has appealed, on his giving proper security; and this applies as well to an appeal from an order refusing to vacate a judgment on default, as to an appeal from the judgment.
3. The circuit court having refused defendant a stay of proceedings in such a case, this court, on the appeal being perfected, grants him that relief on condition that he file here a proper undertaking within twenty days, and pay the clerk's fees on the motion, and the sheriff's fees on the execution.
4. In such a case the same undertaking should be given as the statute would require on appeal from the judgment; and plaintiffs have the same right to except to the sufficiency of the sureties.
5. Where, in an action commenced in another county, defendant is personally served with the summons and complaint in his own county, his right to change the place of trial is governed by sec. 4 (and not by sec. 5), ch. 123, R. S.; and, before the time for answering expires, he must serve his demand and notice of motion for a change, and procure a stay of proceedings in the cause, unless the place of trial is changed with plaintiff's consent. *Bonnell v. Gray,* 36 Wis., 574, followed, and *Foster v. Bacon,* 9 Wis., 346, overruled.
6. In applications addressed to the *discretion* of the court, to set aside a judgment (in this case one taken by default), and for leave to answer, the proposed answer must be served with the motion papers.
7. An order denying a motion to set aside a judgment, is *appealable.*

APPEAL from the Circuit Court for *Milwaukee* County.

The summons and complaint in this action were served upon defendant personally, on the 16th of February, 1876, in Waupaca county, where he resided. On the 8th of March,

Levy and others vs. Goldberg.

plaintiff took judgment as in default of an answer. On the 6th of April, defendant moved to set aside the judgment, for leave to answer, and for a change of venue. The papers used upon the motion, and which were served upon plaintiff, were, 1. A notice of demand for change of venue, dated February 28, 1876. 2. An affidavit of defendant's residence, and that the summons and complaint were served upon him there, on the *nineteenth day of February*. 3. Notice of retainer. 4. An affidavit of service of the foregoing papers upon the plaintiff's attorneys on the 1st of March, 1876, and that no notice of application for judgment herein, or of taxation of costs, was ever served on defendant's attorneys. 5. Affidavits of the defendant and one of his attorneys, showing merits in the usual form, and stating facts to excuse the default. The affidavit of the attorney also states that, within twenty days after the 19th of February, which he then. believed to be the date of service of the summons and complaint, he had mailed an answer on plaintiff's counsel, at their place of residence. Defendant produced, at the hearing of his motion, his proposed verified answer; but no copy thereof was served with the motion papers; and the court refused to receive or consider it. Motion denied; and defendant appealed.

While the appeal was pending here, the defendant presented to the circuit court an undertaking, signed by two sureties, that he would pay all costs and damages awarded against him on said appeal, and, in case the appeal should be dismissed or the order appealed from affirmed, would pay such judgment; and he moved upon said undertaking, or upon such undertaking as the court should require, for a stay of proceedings on the judgment. The motion was denied. Execution was issued upon the judgment, and the sheriff was about to sell the property of the defendant to satisfy it. The defendant thereupon moved this court for a stay of proceedings on the judgment until the determination of the appeal; and the foregoing facts appeared from the motion papers.

On this motion a brief was filed in behalf of *Patchin & Weed*, appellant's attorneys, by *D. B. Frankenburger*, and one for the respondent signed by *Jenkins, Elliott & Winkler;* and there was oral argument by *Mr. Frankenburger* and *Mr. Winkler*.

For the appellant it was contended, that, in the absence of statutory provision, this court has the power to grant a stay of proceedings, on appeals, to protect its suitors. *Hudson v. Smith*, 9 Wis., 122; *Waterman v. Raymond*, 5 id., 185; *Northwestern Mut. Life Ins. Co. v. Park Hotel Co.*, 37 id., 125. A judgment by default is not appealable. The question to be decided by this court on the appeal now pending is, whether the judgment of the circuit court shall stand or be set aside. If the appellant cannot have a stay of proceedings from this court, then he is remediless. If the undertaking is bad, it can be corrected.

For the respondent it was argued, that, as the judgment was not brought up by this appeal, execution of it could be stayed only by the order of the circuit court; and that, by its order refusing a stay, the question was *res adjudicata*, unless an appeal were taken from that order; that there is no statute authorizing a stay of proceedings in execution of a judgment, on appeal from an order made *after* judgment, and such a stay is contrary to the policy of the statute; that, judgment having passed against the defendant, and the court, in the exercise of its discretion, having refused to open it, the presumptions against the defendant are too strong to allow him a stay; that, if a stay can be granted at all in such a case, it is a matter of discretion, and the court, in passing upon it, should consider the merits of the motion to open the judgment; that the circuit court had done this, and its judgment should be considered final so far as a stay is concerned; and that, if otherwise, this court, on considering the merits of the order appealed from, would see that the circuit court was right in refusing a stay. Counsel also insisted that the undertaking on

file was bad, the sureties making oath that they are worth $1,600 above *exemptions,* but not above *indebtedness.* Tay. Stats., 1643, § 36.

LYON, J. It was held in *Hudson v. Smith,* 9 Wis., 122, that the power of this court to stay proceedings in any matter appealed to it, does not altogether depend upon statutory enactment, but is inherent in the court. It was there said that "it is undoubtedly the general policy of the law to allow any party against whom judicial proceedings are commenced, to stay proceedings under the decision of any inferior tribunal against him, from which he has appealed, on giving just and adequate security."

It seems to us that this motion is within the spirit of the rule. Although this appeal is not from the judgment in form, yet it is so in substance and effect. The question on this appeal is, whether the judgment shall stand or be vacated; and that is the precise question which would have been presented for determination had the appeal been from the judgment. In the latter case, the right to a stay of proceedings, on giving the proper security, is undoubted. Why should not the same right exist on the present appeal? It is obvious that unless the motion be granted, the defendant is in danger of losing the benefit of his appeal, should it be determined in his favor. If the defendant be compelled to pay the judgment, and the plaintiffs afterwards become insolvent, the vacating of the judgment and the failure of the plaintiffs to recover in the action might be of no advantage to the defendant, because of his inability to collect the money which he was thus compelled to pay. He ought not to be subjected to such peril, so long as he is ready to give adequate security for the payment of the judgment should his appeal be determined against him. The circuit court undoubtedly had power to stay proceedings on the judgment, but that court refused to do so. The appeal having been perfected, this court will grant the same relief.

*Northwestern Mut. Life Ins. Co. v. The Park Hotel Co.,* 37 Wis., 125.

As to the form and requisites of the security, we hold that the same undertaking should be given as the statute would require in case the appeal were from the judgment, and that the plaintiffs have the same right to except to the sufficiency of the sureties. See Laws of 1860, ch. 264, secs. 22, 29 and 30 (Tay. Stats., 1642–4, §§ 28, 35, 36).

The sureties in the undertaking presented to the circuit court did not justify in the manner prescribed by sec. 30, *supra.* Each made affidavit only that he was worth the sum named therein "over and above all exemptions." In that particular the affidavit is insufficient. Otherwise the undertaking and affidavit seem to be sufficient.

Of course we cannot consider the merits of the appeal, on this motion.

*By the Court.* — The motion is granted on condition that the defendant file in this court the proper undertaking in twenty days. He must also pay the clerk's fees on the motion, and the sheriff's fees on the execution.

Afterwards the appeal was heard on its merits. Briefs were filed by *Patchin & Weed,* with *D. B. Frankenburger* of counsel, for the appellant, and *Jenkins, Elliott & Winkler* for respondent; and the cause was argued orally by *D. B. Frankenburger* for the appellant, and *Fred. C. Winkler* for the respondent.

For the appellant it was argued, that the order of the circuit court was one affecting a substantial right, made upon summary application after judgment, and was appealable under subd. 2, sec. 10, ch. 264 of 1860. *Johnson v. Eldred,* 13 Wis., 482. 2. The action being one for ordinary relief (a money judgment for goods sold), and the default having been excused, and there being no suspicious circumstances connected with the case, and no counter affidavits, an affidavit of mer-

Levy and others vs. Goldberg.

its was sufficient without service of an answer with the motion papers. *Dix v. Palmer,* 5 How. Pr., 233; *Van Horn v. Montgomery,* id., 238; *Stewart v. McMartin,* 2 id., 38; *Robinson v. Sinclair,* 1 id., 106; *Alberti v. Peck,* id., 230; *Campbell v. Garton,* 29 Mo., 343, 345. 3. The answer should have been considered by the court, it appearing from the motion papers that a copy had been mailed to plaintiff's attorneys. Laws of 1862, ch. 114. 4. If the answer could not be considered, because not served with the motion papers, still the order denying the motion should at least have been made without prejudice to a new application. *Butler v. Mitchell,* 15 Wis., 355, and 17 id., 52; *Schaetzel v. Ins. Co.,* 22 id., 412; *Macomber v. The Mayor,* 17 Abb. Pr., 35, 48; *Fassett v. Tallmadge,* 15 id., 205, 212.

For the respondent it was argued, that the answer printed in the case was no part of the motion papers. The better practice undoubtedly is to require service of the proposed answer with such a motion, so that the court may judge what merits, if any, the defendant has. The very least ever required is, that he fully set forth the nature of his defense in an affidavit. *Town of Omro v. Ward,* 19 Wis., 232; *Johnson v. Eldred,* 13 id., 482; *Butler v. Mitchell,* 15 id., 355; 17 id., 52; *Sayles v. Davis,* 22 id., 225; *Schaetzel v. Ins. Co.,* id., 412; 2 Whit. Pr., 373; *Lynde v. Verity,* 3 How. Pr., 350; *Ellis v. Jones,* 6 id., 296; *Wells v. Cruger,* 5 Paige, 164; *Hunt v. Wallis,* 6 id., 371; *Dwight v. Webster,* 10 Abb. Pr., 128; *McGaffigan v. Jenkins,* 1 Barb. S. C., 31. That the judgment was regular, is settled by *Bonnell v. Gray,* 36 Wis., 574.

COLE, J. This case is not distinguishable from that of *Bonnell v. Gray,* 36 Wis., 574; and upon the doctrine of that case, the judgment was regular. The action was commenced in the circuit court for Milwaukee county, and the summons and complaint were personally served upon the defendant in

Waupaca county, where he resided. The defendant's right to change the place of trial was governed by sec. 4, ch. 123, R. S. That is, before the time for answering had expired, he should have served his demand and notice of a motion for a change, and procured a stay of proceedings in the cause, unless, upon consent of the plaintiffs, the place of trial were changed. The distinction between a case arising under this section and one arising under sec. 5, is pointed out in *Bonnell v. Gray.* Where the case falls within sec. 5, the due service of demand and notice of motion, by force of the statute, operates to stay proceedings. But this is not so in a case arising under sec. 4.

This view is doubtless in conflict with the ruling in *Foster v. Bacon,* 9 Wis., 346. But *Foster v. Bacon* was decided before the enactment of sec. 5, when there was some ground for holding, under the statute as it then stood, that by the proper application the defendant secured to himself absolutely the right to a change of the place of trial. This view can no longer be held in the light of subsequent legislation, which makes the intention of the law makers clear, that the demand and notice under sec. 4 do not operate to stay proceedings. The ruling in *Foster v. Bacon,* so far as it conflicts with the doctrine of *Bonnell v. Gray,* must be deemed overruled.

An application was made to set aside the judgment by default. This application was founded on the judgment roll and on the affidavits and papers served with the order to show cause. The counsel for the plaintiffs insists that the motion papers show no ground for setting aside the judgment. He contends that the correct rule of practice requires the service of the proposed answer with the motion papers, to the end that the court may determine the merits of the defense before opening the judgment. This rule seems to us just and salutary, and we have concluded to adopt it. We hold, therefore, in these applications, addressed to the discretion of the court, to set aside a judgment and for leave to answer, that the pro-

posed answer duly verified must be tendered with the motion papers. This will enable the court to judge for itself what merit there may be in the defense. The rule formerly was, that on such an application an affidavit of merits should be filed, and that a sworn answer did not supply its absence. *Mowry v. Hill,* 11 Wis., 146; *Burnham v. Smith,* id., 259; *Johnson v. Eldred,* 13 id., 483; *Butler v. Mitchell,* 15 id., 356. The practice in this respect was changed by an act of the legislature, where the answer itself showed merits and was verified. *Town of Omro v. Ward,* 19 Wis., 233. But we think a duly verified answer stating a meritorious defense should have been served with the motion papers. The answer printed in the case did not constitute any part of the motion papers, and we shall therefore express no opinion whether it states a defense to a portion of the account sued upon, or not.

The order denying the motion to set aside the judgment is doubtless appealable. *State ex rel. Johnson v. Washburn,* 22 Wis., 99. If the defendant can bring himself within the rule of this decision, the circuit court will unquestionably exercise a sound judicial discretion in permitting him to come in with a meritorious defense on proper terms. But as the case now stands, the order must be affirmed.

*By the Court.* — Order affirmed.