### SEARLES v. LAWRENCE *et al.*

1. Where, on an application for leave to serve an answer after the statutory time for answering has expired, the party moving is required by the rules of the court in which the motion is made to serve with his notice of the motion an affidavit of merits and a copy of his proposed answer, if he fails to serve either the motion is properly denied.

2. Where a party applies for judgment under the first clause of Subdivision
1 of Sec. 5025, Comp. Laws, and the action is one arising on contract
for the recovery of money only, and the complaint is duly sworn to, and
the proof of personal service required by the section is made, and no an-
swer has been received, the defendant, who has not answered, but has
appeared, is not entitled to notice of such application.

(Syllabus by the Court.   Opinion filed Nov. 9, 1895.)

Appeal from circuit court, Minnehaha county.   Hon.
FRANK R. AIKENS, Judge.

Action on a promissory note.   Judgment for plaintiff, and
defendants appeal.   Affirmed.

The facts are stated in the opinion.

*Sterling & Morris,* for appellants.

The power conferred upon courts to relieve parties from
judgments taken against them by reason of their mistake, in-
advertance, surprise or excusable neglect, should be exercised
by them in a liberal spirit in furtherance of justice.   Gris-
wold v. Lee, 1 S. D. 531, 47 N. W. 955; Joener v. La Nicca, 38
N. W. 129; Heinemann v. Le Clair, 51 *Id.* 1101; Beatty v.
O'Connor, 5 N. E. 880; Clutz v. Carter, 10 N. W. 541; Hag-
gerty v. Walker 33 *Id.* 244; Taylor v. Trumbull, 49 *Id.* 375;
Talmadge v. Stockholm, 14 Johns. 342.

*F. L. Rowland* and *Joe Kirby,* for respondent.

In an action on contract for the recovery of money only,
the complaint being verified, and the defendant giving notice
of appearance, the plaintiff on offering proof of defendants'
failure to answer, is entitled to judgment without notice to de-
fendant.   Dix v. Palmer, 5 How. Pr. 233; Southworth v. Cur-
tiss, 6 *Id.* 271.

CORSON, P. J.   This was an action upon a promissory note.
Judgment for plaintiff, and defendants appeal.   The assign-
ments of error very clearly present the questions to be deter-
mined by the court, and are as follows:   "(1)   The court erred
in making its order denying defendants' motion for a change
of the place of trial, for the reason that it is apparent from the

record that defendants were led by the conduct of plaintiff's attorney to believe either that said action had been abandoned, or that such change would be consented to. (2) The court erred in making its order denying defendants' motion for leave to answer in said cause, for the same reason. (3) The court erred in rendering judgment against the defendants and in favor of plaintiff, for the reasons—First, that at the date thereof defendants were not in default; second, the defendants had no notice of the assessment of damages in said action as provided by statute; third, that there was no assessment of damages as provided by statute; fourth, that the damages for which judgment was rendered are excessive, as appears by admission of plaintiff in the record; fifth, and for other errors appearing on the face of the record." The facts, as disclosed by the record, briefly stated, are as follows: On November 14, 1892, the plaintiff commenced an action in the circuit court of Minnehaha county against the defendants, who were at that time, and long prior thereto had been, residents of Spink county, and a summons was served upon them in said Spink county. On about December 5th the defendants' attorneys served notice of retainer, and demanded a copy of the complaint. On December 17th the counsel for plaintiff mailed to defendants' attorneys a copy of the complaint, together with the original, duly verified, with request that they admit service of copy thereon. This original was retained by defendants' attorneys. No demand having been made to change the place of trial, and no answer having been filed, the court, on April 17, 1893, made an order that counsel for the defendants show cause on May 12th why they should not file said original complaint. Upon the hearing the order was granted, and thereupon the counsel for the defendants filed said original complaint. On June 10th the court, upon application of counsel for plaintiff, upon the usual affidavit of no answer—the complaint being duly verified—entered judgment for the plaintiff as prayed for in the complaint. No notice was given to counsel for de-

fendants of this application for judgment. Upon May 2nd, subsequent to the service of the order to show cause why defendants should not file the original complaint, the defendants served notice upon plaintiff's attorney that they would move the court on May 12th for a change of the place of trial, and for leave to serve and file an answer in the action.

The defendants' counsel, with their notice of said motions, served upon plaintiff's counsel an affidavit excusing their delay in demanding a change of the place of trial, and their neglect to serve an answer within the time prescribed by the statute. This affidavit, so far as material to the decision of this case is as follows: "That, at the time of first sending said notice of retainer, defendants' attorneys wrote the attorney for plaintiff, asking that he stipulate for a change of the place of trial, which request said attorney answered that he would consult his client and let defendants' attorneys know, a copy of which said letter is hereto attached, marked 'Exhibit A.' That thereafter defendants' attorneys received no letter from said plaintiff's attorney, nor at any time, in any manner, heard from him, relative to the change of the place of trial, or as to whether his client would consent thereto, until after the service upon defendants' attorneys of the order to show cause why a copy of the complaint should not be substituted and judgment rendered in said action. That on the 14th day of January, 1893, defendants' attorneys wrote plaintiff's attorney the following letter: 'F. L. Rowland, Esq., Sioux Falls, S. D.—Dear Sir: In your letter of some time ago you promised to consult your client, and let us know, in regard to agreeing to a change of place of trial in case of Searles v. Lawrence *et al.* We have been waiting to hear from you before accepting service on your complaint. Please advise.' To which said letter said attorneys received no reply. Further, affiant says that said defendants have been for ten years last past, and are now, residents of Spink county, in said state; that defendants' attorneys, knowing their right to demand a change of the place of trial, in good faith, believed

that if plaintiff's attorney intended to further prosecute said action he would, upon consultation with his client, or without such consultation, consent to such change, and thereupon notify defendants' attorneys, and that said attorneys did not answer in said cause, but at all times have intended to answer therein, upon notice from the plaintiff's attorney that such change had been agreed upon, and that the delay and failure of said plaintiff's attorney to inform defendants' attorneys as to the result of any interview with his client as to the place of trial, with the belief that said action may have been abandoned, caused by such delay and failure, has prevented defendants' attorneys from serving a formal demand of such change of place of trial and serving defendants' answer within the time allowed by law that defendants' attorneys have been fully informed as to the defense against the collection of the note sued on in said action and that affiant is informed and believes said defendants have a good and meritorious defense to said action, and that there is no disposition to delay the same, or a trial thereof upon its merits. And affiant asks that the place of trial of said action may be changed to the county of Spink, and that the defendants may be allowed to serve forthwith their answer to the complaint of the plaintiff in said action, and for such further order as to the court shall seem just." The counsel for the plaintiff read on the hearing, in rebuttal, an affidavit made by himself, in which he states that on December 16th he wrote defendants' counsel, informing them that his client would not consent to a change of the place of trial, and annexed a copy of his letter to his affidavit. This letter, for some reason not appearing, seems not to have been received by defendants' attorneys. On May 31st the court dismissed the motion for a change of the place of trial, and denied the motion for leave to serve and file an answer, to which counsel for the defendants duly excepted.

Section 4891, Comp. Laws, provides that, "if the county designated for that purpose in the complaint, be not the proper county the action may, notwithstanding, be tried therein unless

the defendant, before the time for answering expire, demand in writing that the trial be had in the proper county, and the place of trial be thereupon changed by consent of the parties, or by order of the court, as in this section provided." It will be observed that nearly three months had elapsed after the time for answering had expired, and that no demand had been made for a change of the place of trial, and no motion had been made for such change, prior to the motion noticed May 2, 1893. The reasons stated in the affidavit for the delay in demanding a change in the place of trial were clearly insufficient as an excuse for such delay. The fact that the attorneys for defendants "in good faith believed that, if the plaintiff's attorney intended to further prosecute said action, he would, upon consultation with his client, or without such consultation, consent to such change, and thereupon notify defendant's attorney's" cannot be taken as sufficient to excuse them for their long delay in proceeding in the case. Neither the letter of the plaintiff's attorney, nor the failure of defendant's attorneys to receive the second letter, justified them in permitting the time for making a demand for a change of the place of trial to expire without taking the proper steps to secure such change. On failure of the attorneys of the defendants to receive an answer in time, defendants' attorneys should have assumed that the plaintiff refused to consent, and proceeded upon that theory. We are of the opinion, therefore, that the court committed no error in dismissing the motion. What has been said in regard to the insufficiency of the affidavit, as not showing any valid excuse for the delay in making a demand for a change of the place of trial and making a motion for such change, applies with still greater force to the failure to serve an answer. There is no pretense that counsel for plaintiff in any manner extended the time for answering, or that there was any correspondence between the attorneys upon that subject. It is true, counsel for the defendants had in their possession the original complaint, but that fact did not have the effect to extend their

time for answering. The court, therefore, would have been justified in denying the motion for leave to serve and file an answer upon the ground of the insufficiency of the affidavit of the defendants' attorneys to show any fact excusing the delay in answering. But respondent's counsel show a further ground for sustaining the ruling of the court, and that is that the defendants failed to comply with the rules of the court in making their motion. These rules are as follows:

"Rule 14. No order allowing a party to plead after the time limited by the code or relieving a party from judgment by default shall be granted unless the party applying therefor shall have served on the adverse party with his notice of motion an affidavit of merits, with a copy of his proposed pleading.

"Rule 15. In an affidavit of merits the affiant shall state that he has fully and fairly stated the case to his counsel, giving the name and place of residence of such counsel, and that the defendant has a good and substantial defense to the action on the merits, as he is advised by his counsel after such statement and verily believes."

The defendants did not comply with either of these rules. No proposed answer was served with the motion, nor any affidavit of merits, as prescribed by the rules. The court therefore committed no error in denying the motion.

It is further contended by the appellants that the judgment is erroneous and should be reversed for the reason that, although they had appeared in the action by the service of notice of retainer, no notice was given them of the application for judgment and the assessment of damages. But as the action was one arising on contract for the recovery of money only, and the complaint was sworn to, no notice of the application for judgment was required. In such case judgment is entered by the court as of course, without an assessment of damages. That part of Sec. 5025, Comp. Laws, applicable to this case, reads as follows: "Judgment may be had if the

defendant fail to answer the complaint, as follows: (1) In an action arising on contract for the recovery of money only, the plaintiff may file with the clerk proof of personal service of the summons and complaint, on one or more of the defendants, or of the summons according to the provisions of Sec. 4895, and that no answer has been received. The court shall thereupon enter judgment for the amount mentioned in the summons against the defendant or defendants, or against one or more of the several defendants in the cases provided for in Sec. 4901." The next clause of the section, which provides, "But if the complaint be not sworn to, * * * the court shall ascertain the amount which the plaintiff is entitled to recover * * * and enter the judgment so assessed or ascertained," clearly, by implication, shows that when the complaint is sworn to no such assessment is required in the class of cases specified in the first clause of the section, but the judgment in such cases is entered by the court without further proof of the amount demanded in the summons. This section of our code is identically the same as Sec. 246 of the Code of Civil Procedure of the state of New York prior to its amendment in that state, in 1877, except that under Subdivision 1 the clerk, instead of the court, was authorized to enter the judgment. The courts of New York seem to have held, up to the time the section was amended, in 1877, that when the action was upon contract for the recovery of money only, and the complaint was duly verified, no notice of the assessment was required, as the clerk entered the judgment as of course. Dix v. Palmer, 5 How. Prac. 233; Southworth v. Curtis, 6 How. Prac. 271; Wait, Code, § 246, note g. In note g, last cited, the learned author says, under the head "Notice of Assessment": "In a case where the complaint has been duly verified and seeks the recovery of money only, a party who has not answered, but has appeared, is not entitled to a notice of assessment, but judgment may be entered as of course;" citing the cases above, and others. While these decisions were made by inferior courts, they show

that such was the construction given to the section by the courts of that state. But, without regard to the decisions of New York, it seems quite clear that this is the proper construction of the section. As will be noticed, no assessment is provided for in the first clause of the section. It provides that, "in an action arising on contract for the recovery of money only, * * * the court shall thereupon enter judgment for the amount mentioned in the summons. * * *" This is followed by the proviso, "but if the complaint be not sworn to" the court shall proceed to assess the amount due the plaintiff and enter judgment therefor. It is only notice of the time and place of such assessment that is required to be given. Finding no error in the record, the judgment of the circuit court is affirmed.