HENDERSON, Respondent v., EGAN, Appellant.

(179 N. W. 31.)

(File No. 4721.    Opinion filed September 24, 1920.)

1.  **Pleadings—Striking Amended Complaint Pending Demurred-to Complaint—Serving Amended Complaint Without Leave, Tenability—Statute—Presumption.**

    Plaintiff may serve an amended complaint as of course and without leave of court, within 20 days after service of answer

or demurrer to the pleading, unless it appears that the amendment was for delay; construing Sec. 2376, Code 1919; and burden is on defendant moving to strike amended complaint as made for delay, to show the amendment was for delay, otherwise the presumption is the purpose was lawful. So held, where a demurrer was pending to original complaint when amended complaint was served and filed; motion to strike having been on sole ground that the amendment was without leave of court.

2. Pleadings—Contract to Convey Realty, Assignment By Plaintiff in Consideration of I Owe You Note, Balance Unpaid, Complaint On, Whether Stating Cause of Action

A complaint alleging that plaintiff assigned to defendant a specified contract between plaintiff and N for a deed to realty, under which N agreed to convey to plaintiff certain land described, in consideration of which assignment defendant executed and delivered to plaintiff, now owner thereof, a certain written promissory note in the form of an I owe you for a specified sum, upon which only part had been paid, the balance being due, states a good cause of action for payment of money.

3. Judgments—Default for Want of Answer to Amended Complaint, Demurrer to Original Complaint Pending—Service of Amended Complaint as Abandonment of Original.

There being an undetermined demurrer to original complaint when an amended complaint was served and filed as of course without leave of court, plaintiff may take judgment by default for want of an answer to amended complaint within statutory period; service of amended complaint superseding the original and amounting to abandonment thereof.

4. Judgments—Default Taken Without Six Day Notice Re Money Suit, Whether Irregular—Statute.

A default judgment for money only, taken upon a verified amended complaint without service of the 6 days notice provided for in Sec. 2485, Code 1919, was not irregular; since under said section a defaulting defendant is not entitled to notice of assessment of damages or of application for judgment.

Smith and Gates, JJ., not sitting.

Appeal from Circuit Court, Minnehaha County. Hon. John T. Medin, Judge.

Action by George R. Henderson, against George W. Egan for recovery of money only. From a judgment entered by default, defendant appeals. Affirmed.

*George, W. Egan,* Appellant, Pro se.

*Jones & Matthews,* for Respondent.

(1) To point one of the opinion, Appellant cited: 31 Cyc. 362; and submitted that: There are two classes of amendments permitted under our statutes. One class (Sec. 2376, Code) is amendments which, if taken at the right time, are a matter of right to the party amending. The other class (Sec. 2377) is amendments which, in furtherance of justice, are allowed upon application of the Court and within the discretion of the Court. The one amendment which is allowed as a matter of right, if not taken within the proper time, ceases to become a matter of right and becomes one of discretion. Furthermore, the statutes which permit an amendment as a matter of right can be further classified into those amendments which a party may make by simply re-drawing his pleading and serving in upon the opposing party, and those where the right is subject to a judicial oversight and which cannot be made merely by re-drawing the pleading, but must be made upon order of the Court and upon notice to the opposing party.

Respondent cited: Tripp v. The City of Yankton, (S. D.) 74 N. W. 447; DePue v. McIntosh, (S. D.) 127 N. W. 532; Sec. 172, Wait's New York Code; White v. Mayor, et al., 14 How. (N. Y.) 496; Seneca County Bank v. Garlinghouse, 1 How., 174.

(2) To point two, Appellant cited: Knox v. Buckman Company, 73 Pac. 428; Ryan v. Holiday, 42 Pac. 891.

Respondent cited: Secs. 1886, 2366, Code 1919; Randolph on Commercial Paper, Second Ed. Vol. 1, Sec. 90, and cases cited.

(3) To point three, Appellant cited: McDonald v. Hollicy, 29 Pac. 24; Kerr's Pleading and Practice, page 1599.

(4) To point four, Respondent cited: Searles v. Lawrence (S. D.) 65 N. W., 34.

• McCOY, P. J. Summons and complaint were served on defendant on February 10, 1920. On March 8th, before the expiration of the time to answer, defendant interposed a demurrer, on the ground that the complaint did not state facts sufficient to constitute a cause of action. On March 15th plaintiff served and filed an amended complaint. Defendant moved to strike the amended complaint from the files. This motion was overruled, and defendant, by order, was required to answer or demur to said amended complaint on or before April 24, 1920. No answer or demurrer having been served or filed within said time,

judgment by default was rendered against defendant on April 26, 1920, from which judgment defendant appeals.

[1] Appellant assigns that the court erred in overruling the said motion to strike from the files the said amended complaint. It was the contention of appellant that respondent had not the right on March 15th to serve an amended complaint as of course, without first having obtained leave of the court. This contention is not tenable, as under the provisions of section 2376, Code 1919, a party has the right, as of course, and without leave of the court, to serve an amended pleading within 20 days after service of answer or demurrer to such pleading, unless it be made to appear to the court that such amendment was made for the purpose of delay. No such purpose has been shown.

If a defendant moved to strike an amended complaint on the ground that it was made for the purpose of delay, the burden would be on defendant to show that such amendment was made for the purpose of delay; otherwise, the presumption would be that the purpose was lawful. The motion to strike the amended complaint in this action was not based on the ground that such amendment was made for the purposes of delay, but was made only on the ground that such amendment was made without leave of the court.

[2] Appellant also contends that the amended complaint does not state facts sufficient to constitute a cause of action. This contention is not sound. The complaint states a cause of action for the payment of money only.

[3] Appellant also contends that he was not in default at the time said judgment was rendered, for the reason that at the time the amended complaint was served the demurrer to the original complaint was pending and undetermined. We are of the view that the service of the amended complaint superseded the original complaint, and amounted to and was an abandonment thereof by respondent.

[4] Appellant also contends that the default judgment was irregularly taken, in that he was entitled to six days' notice thereof under section 2485, Code 1919. We are of the opinion that this contention is not tenable. The amended complaint was verified, and the action was for the payment of money only. In such an action, in Searles v. Lawrence, 8 S. D. 11, 65 N. W. 34,

24—Vol. 43, S. D.

where defendant had appeared, but had not answered or demurred, it was held that defendant was not entitled to notice of assessment of damages or of the application for judgment.

The judgment appealed from is affirmed.

SMITH and GATES, JJ., not sitting.