HEITMAN, Respondent, v. GROSS, Appellant

(19 N. W.2d 508.)

(File No. 8770.   Opinion filed June 26, 1945.)

**R. J. Lyons** and **J. H. Lammers,** both of Madison, for Appellant.

**T. R. Johnson,** of Sioux Falls, and **Wm. R. Arneson,** of Madison, for Respondent.

SICKEL, J. This is a proceeding to vacate a default judgment. A money demand summons was served on the defendant personally on February 16, 1931. There after defendant entered an appearance, and on November 20, 1931, the complaint was served upon his attorney. Plaintiff's attorney made affidavit of default on March 25, 1932, and judgment by default was entered March 28, 1932. No notice of entry of judgment was given to defendant, and no execution was ever issued. On July 25, 1944, defendant served a notice of motion to vacate the judgment, with affidavit and proposed answer attached. On August 31, 1944, the circuit court entered an order denying the motion and from that order the defendant has appealed.

Appellant's first contention is that he was not given six days notice of the time and place of the application for judgment. Respondent admits that such notice was not given but claims that none was required by statute. Subdivision 1, § 2485, Rev. Code 1919, in effect at the time of the entry of judgment, contained the following provision:

"In case the defendant give notice of appearance in the action, he shall be entitled to six days notice of the time and place of such assessment."

This provision did not apply to an action arising upon contract for the recovery of money only, where the complaint was verified. Searles v. Lawrence, 8 S. D. 11, 65 N. W. 34; Henderson v. Egan, 43 S. D. 366, 179 N. W. 31.

■ It should be noted that this rule was changed by the code revision of 1939. SDC 33.1707. Since the adoption of the 1939 code every party who has given notice of appearance before the expiration of the time for answering is entitled to six days notice of application for judgment, and prejudice is conclusively presumed from the failure to give such notice. Peterson v. McMillan, S. D., 14 N. W.2d 97.

■■ Appellant also claims that the judgment was taken against him through his mistake, inadvertence, surprise and excusable neglect; that he has a meritorious defense to the action and that therefore he is entitled to have the judgment set aside. Assuming, without deciding, that the affidavits of defendant presented in support of his motion are sufficient to show mistake, surprise and excusable neglect, the question then is whether he failed to move promptly to have the judgment set aside after learning that it had been entered. The affidavit of plaintiff, presented in opposition to defendant's motion, states that after the filing of the judgment, and within a week or two, he and his son met defendant on the street in Madison; that defendant at that time challenged plaintiff to a fight because plaintiff had obtained a judgment against him, and that defendant at that time said, "I will never pay a cent of that judgment," or words to that effect. This incident is corroborated by the affidavit of Wilbert A. Heitman, plaintiff's son. Defendant filed a counter-affidavit in which he denied the meeting and the conversation specifically and in which he states that he had no conversation whatever with either plaintiff or his son at any time after the service of the summons in the action. If plaintiff's affidavits were true, defendant was negligent in not moving to set aside the default judgment until more than twelve years after the entry of it. Smith v. Wordeman, 59 S. D. 368, 240 N. W. 325. If plaintiff's affidavits were false, defendant"s failure in that respect was not negligent and was excusable. The whole question is one of veracity. This court cannot say that the circuit court abused its discretion in believing the affidavits filed on behalf of the plaintiff.

The order is therefore affirmed.

All the Judges concur.