## THOMAS CAREY v. THE PHILADELPHIA AND CALIFORNIA PETROLEUM COMPANY.

PROOF OF AGENCY FOR CORPORATION.—In an action against a private corporation on a contract made by a person on its behalf, purporting to act as its agent, parol testimony is admissible to show that such person was authorized to act as its agent, unless the corporation is compelled by its charter to appoint its agents by deed or resolution.

CONTRACT TO PAY IN GOLD COIN.—An account stated, with a memorandum at the bottom "payable in gold coin (United States) according to contract," and signed by the defendant, is admissible as written evidence of a contract on the part of the defendant to pay in gold coin.

CONTINUANCE.—An application for a continuance is addressed to the discretion of the Court. It is not an improper exercise of such discretion to refuse a continuance asked for on an affidavit which discloses neither the names of the absent witnesses nor what the party expects to prove by them.

ACCOUNT STATED.—An account stated alters the nature of the original indebtedness, and constitutes a new promise or undertaking.

APPEAL from the District Court, First Judicial District, Los Angeles County.

The facts are stated in the opinion of the Court.

*Glassel & Chapman*, for Appellant, argued that the contract named in the account stated was evidently the contract made before or pending the performance of the work, and that as it did not show that that contract was in writing, there was no such written contract to pay in gold coin as was required by the Specific Contract Act. They also argued that the appointment of an agent by a private corporation must be made by resolution or deed, and parol testimony to prove such appointment was inadmissible.

*V. E. & C. V. Howard,* for Respondent.

The agency of the Superintendent could be proved by parol, as there was no evidence of written appointment, and the law required none.   Besides, it having been proved, as appears from the record, that the agency of Mr. Shorb as such Superintendent had been recognized by appellant, even were an appointment in writing necessary, it would be presumed, for the law will not permit a party to accept the benefits of an agency, and at the same time to repudiate its responsibilities.   As the agency of the Superintendent was proved, his admission of the indebtedness was competent evidence.   As the contract to pay was in gold coin, the verdict and judgment were correct in that respect.   (*Galland et al.* v. *Lewis et al.,* 26 Cal. 47.)

By the Court, SHAFTER, J.:

This is an action upon an account stated, which, as the complaint alleges, was " settled and agreed upon between plaintiff and defendant, July 23d, 1866." It is further alleged that the defendant then acknowledged, in a writing duly signed by him, that the indebtedness ascertained by the account (three hundred and eighty-two dollars and eighty-six cents) was due and payable in United States gold coin.   The case was tried by jury; verdict and judgment for plaintiff. The appeal is from the judgment and from an order overruling defendant's motion for a new trial.   First—To maintain the issue on his part, the plaintiff at the trial offered in evidence the following document:

*Philadelphia and California Petroleum Company,* DR.
May 17th—To Thomas Carey, for wages due him
  as per settlement made with him by Dr. J. Let-
  terman...................... ........, ......................... $292 61
July 23d—To amount due him for wages from May
  17th to date at $40 per month......................... 89 25

          Total.............. ..................... $381 86
  Payable in gold coin (United States) according to contract.
I certify that the above account is correct.
                    J. D. BATH SHORB,
          Superintendent Phil. and Cal. Petroleum Company.

  [Internal revenue stamp, twenty cents.]   These stamps
are affixed this 8th day of December, 1866, by me, and the
penalty of fifty dollars received.        C. C. SLOCUM,
                    Deputy Collector Second District California.

  The handwriting of Shorb was admitted, and the plaintiff
offered parol evidence tending to prove that Shorb acted as
the authorized agent of the defendant in signing the certifi-
cate affixed to the statement of the account.   The evidence
was objected to on the ground that the books of the corpora-
tion and resolutions of the Trustees was the primary proof
of the agency if it existed.   The objection was overruled and
the testimony admitted.
  There was no error in this ruling.   It is too well settled
to admit of argument that private corporations, with regard
to the appointment of agents and the making of contracts,
are placed upon the same footing as natural persons, unless
limited to some particular mode by their charters.   In the
absence of such limitation they are no more compelled to
contract or appoint their agents by deed or resolution than
a partnership or other voluntary association.   (*Bank of
United States* v. *Dandridge,* 12 Wheat. 105; *Smith* v. *Eureka
Flour Mills,* 6 Cal. 6; *San Francisco Gas Company* v. *City of
San Francisco,* 9 Cal. 472; *Shaffer* v. *Bear River and Auburn
W. and M. Co.,* 10 Cal. 400.)

It is further insisted that the document in question, admitting that the company was a party to it, was improperly admitted as having no tendency to prove "a contract or obligation in writing" for the payment of an indebtedness in gold coin.

The paper is on its face an account stated. An account stated alters the nature of the original indebtedness, and is itself in the nature of a new promise or undertaking. (*Foster* v. *Allanson*, 2 T. R. 479; *Holmes* v. *De Camp*, 1 John. 36.) Therefore, an account stated with a new firm may include debts due to a former firm or to one of the partners. (*David* v. *Ellice*, 5 B. and C. 196; *Gough* v. *Davies*, 4 Price, 200.) An action on an account stated is not founded upon the original items, but upon the balance ascertained by the mutual consent of parties. For these reasons we consider that the paper was properly admitted by the Court as written evidence of "a contract or obligation" on the part of the defendant to pay plaintiff the sum demanded in this action, in gold coin of the United States.

Second—The defendant, when the case was called for trial, moved for a continuance on the ground of the absence of material witnesses.

The motion was denied.

The affidavit upon which the motion was based did not state what the defendant expected to prove by the witnesses, nor did it even give their names. The application was addressed to the discretion of the Court, and we cannot say that its discretion was improperly exercised under the circumstances, and much less that it was abused.

Judgment affirmed.

Mr. Justice SAWYER did not express an opinion.