## BOUSLOG v. GARRETT.

PLEADING.—*Account Stated.*—*Promise to Pay.*—In a paragraph of a complaint on an account stated, the allegations were, "that on the 1st day of January, 1870, the defendant was indebted to the plaintiff in the sum of one thousand and seven dollars and eighty-four cents, for money found due from said defendant to the plaintiff upon an account then stated between them; which said sum, together with the legal interest thereon, remains unpaid, for which he demands judgment."

*Held*, that the promise to pay was impliedly included in the allegations of said paragraph.

SAME.—The stating of the account was not conclusive, but errors might be shown and corrected under the general denial.

PRACTICE.—*Demurrer.*—The sustaining of a demurrer to a pleading is not available error, when the same evidence may be introduced under another pleading in the cause.

PLEADING.—*Answer in Part.*—A pleading which, professing to answer an entire paragraph, only answers as to a part thereof, is bad.

Bouslog *v.* Garrett.

PRACTICE.— *Waiver of Objections.*—This court declined to consider any question as to the right of a temporary judge to hold a court, where all objections thereto were waived of record by the parties.

NEW TRIAL.— *Verification of Reasons.*—Improper conduct of the jury, in that they added up the amount of defendant's accounts and divided by the figure 2 for the purpose of arriving at a verdict, as a cause for a new trial, must be supported by affidavit, if sufficient otherwise; and so, also, an allegation of accident or surprise which the party making the motion could not have guarded against.

PARTIAL ACCOUNT STATED.— *Not Conclusive.*—A partial statement of the accounts by the parties, without arriving at any balance, is not binding upon them as an account stated.

APPEAL from the Henry Common Pleas.

DOWNEY, J.—The appellee sued the appellant. The first paragraph of the complaint is on an account stated; the second was for money paid; the third was for money had and received; the fourth was for money loaned; and the fifth was for goods sold and delivered.

The paragraph on the account stated, after the commencement, is as follows:

"Nathan Garrett, plaintiff, complains of Levi Bouslog, defendant, and says that on the 1st day of January, 1870, the defendant was indebted to the plaintiff in the sum of one thousand and seven dollars and eighty-four cents, for money found due from the said defendant to the plaintiff upon an account then stated between them; which said sum, together with the legal interest thereon, remains unpaid, for which he demands judgment."

The defendant answered, first, the general denial; second, the statute of limitations; third, payment; fourth, set-off. The fifth, sixth, seventh, and eighth each controverted an item alleged to have entered into and formed a part of the account stated, and was confined to the first paragraph of the complaint.

The plaintiff demurred to the fifth, sixth, and seventh paragraphs of the answer, separately, because they did not state facts sufficient to constitute an answer, which demurrer was sustained as to the fifth and overruled as to the sixth

and seventh paragraphs, and the defendant excepted.

The plaintiff replied by general denial to the first, third, fourth, sixth, seventh, and eighth paragraphs; to the second, that the cause of action did accrue within six years; and to the fourth, in addition to the general denial, second, the statute of limitations; third, that the items had been settled and balanced by accounts of a like amount in favor of the plaintiff; and fourth, payment.

The cause was tried by a jury, and there was a verdict for the plaintiff, a motion for a new trial made by the defendant overruled, and judgment on the verdict.

The errors assigned in this court raise four questions; first, as to the sufficiency of the first paragraph of the complaint; second, the sufficiency of the fifth paragraph of the answer; third, as to the right of the temporary judge to hold the court; and fourth, the correctness of the ruling of the court in overruling the motion for a new trial.

We are inclined to hold that the first paragraph of the complaint is sufficient under the code, although it is not exactly according to the approved forms in the works on pleading. It may be advisable, in such a paragraph, to allege an express promise to pay the amount ascertained to be due, and this is according to the usual forms. But we think this is impliedly included in the allegations of the paragraph in question. The law implies a promise to pay the balance found to be due. 1 Chitty Pl. 356; 2 G. & H. 376, forms 10 and 11.

The fifth paragraph of the answer controverted an item which was embraced in the account stated, as we have seen, and is said to be pleaded as a counter claim. As the general denial was pleaded to that paragraph of the complaint, we think we need not inquire whether the demurrer to this special paragraph of the answer was correctly sustained or not. It is now settled that the stating of an account is not conclusive upon the parties, and that, consequently, errors therein may be shown and corrected. Prof. Greenleaf says: "But whensoever such admission was made, it is not now held

to be conclusive; but any errors may be shown and corrected under the general issue." 2 Greenl. Ev., sec. 128. The sustaining of a demurrer to a pleading is not an error which is available, when the same evidence is admissible under another pleading in the cause. Upon an examination, however, of the fifth paragraph of the answer, we are satisfied that the court committed no error in sustaining the demurrer to it. Among other objections to it, it was pleaded as a defence to the whole of the first paragraph of the complaint for one thousand one hundred and seven dollars and eighty-four cents, and only professed to show a defence to one hundred and ninety-one dollars and fifty cents.

With reference to the authority of the judge to hold the court, the parties, by counsel, made this agreement: "It is hereby agreed that all objections to the regularity or legality of the court in which the above-entitled cause is being tried is waived, and said court shall be held and regarded by us as legal and valid in all respects; and we further declare that said term of court was appointed by the regular judge of the Henry Common Pleas court, at our mutual request, for the purpose of trying said cause. We further agree that this agreement shall be made a part of the record of this cause. "BROWN & POLK,

"FORKNER & BUNDY,

"Plaintiff's Attorneys.

"MELLETT & MARCH,

"Defendant's Attorneys."

We presume that counsel for the appellant, when they assigned an error calling in question the authority of the judge to hold the special term, had forgotten this agreement. Supposing this to be the case, we will not further consider the question.

We are next to examine the reasons which were assigned in the motion for a new trial, in order to determine whether or not there was any error in refusing to sustain that motion. The first is misconduct of the jury who tried the cause, in this, that they added up the amount of defendant's accounts

and divided by the figure 2, for the purpose of arriving at a verdict.

This cause for a new trial, conceding it to be sufficient, is not supported by affidavit, without which it could not. be considered by the common pleas; nor can it be by us.   2 G. & H. 215, sec. 355.

The same may be said of the second cause for a new trial, which was accident and surprise which the appellant could not have guarded against.   This should have been supported by affidavit.

The third is that the damages were excessive.   No particular ground is pointed out in support of this reason, and we have discovered none.

The fourth reason is that the verdict was not sustained by the evidence, and was contrary to law.   The main part of the argument on this point is designed to show that the evidence fails to sustain the paragraph on the account stated.

We will consider this point in connection with the objection to the third and fourth charges given by the court to the jury, to which exception was taken by the appellants.   These charges are as follows:

"3. An account stated is a mutual settlement of accounts between parties, and when thus, that is, the amount due respectively to each party is stated in writing, either by the parties themselves or by a third party for them, with their assent, it is binding upon them as far as the account has proceeded, and cannot be reopened without their mutual consent, or unless there is fraud, mistake, or illegality in one or more of the items going to make up the account.

"4. If the jury find that plaintiff and defendant accounted together, and that each received a copy of the account, having agreed upon the accounting as far as it had proceeded, and differing upon the settlement of these items, or broke off the further statement of accounts altogether, yet as far as they had proceeded in the statement they will be bound."

The evidence shows that the parties attempted to make a settlement of their accounts, but disagreed before they got

through, and made and agreed upon no balance. In our opinion, the evidence did not sustain the paragraph on the account stated. We also think that the instructions three and four were erroneous, for the reason that they informed the jury that a partial statement of the accounts by the parties, without their having arrived at any balance, was binding upon them as an account stated. It is conceded that a paragraph on an account stated may be sustained when there is an account on one side only, but there must be a demand on the part of the plaintiff, which was acceded to by the defendant. The evidence in this case shows that the parties, on an examination of their accounts, failed to make a settlement, but broke off the effort to settle. The defendant produced and insisted upon an item of five hundred dollars, and another of fifty dollars, which the plaintiff refused to allow, and at this stage of the negotiations their efforts to find a balance ceased. We think it cannot be said that the defendant acceded to any sum or amount as due to the plaintiff. Without this, the evidence was not sufficient to sustain the paragraph on the account stated. The instructions three and four, being in conflict with this view of the law, must be held incorrect. See 2 Greenl. Ev., section 126; Bouv. Law Dict., title, ACCOUNT STATED; 2 Stark. Ev. 99; 1 Chit. Pl. 358.

We omit any consideration of the other questions presented in the motion for a new trial.

The judgment is reversed, with costs, and the cause remanded, with instructions to grant a new trial, and for further proceedings.

*J. T. Mellett* and *W. March,* for appellant.

*J. Brown* and *R. L. Polk,* for appellee.