## JAMES ROBBINS, *Appellant, v.* SERENO D. WOODHULL *et al., Respondents.*

ACTION ON ACCOUNT STATED.—An action upon an account stated, is not founded upon the original *items* of the account, but upon the *balance* ascertained by the mutual consent of the parties, and is itself in the nature of a *new* promise.

DEMAND FOR ITEMS OF AN ACCOUNT.—Section 56, of our Practice Act, which provides that a copy of an account shall, on demand, be delivered to the adverse party, does not include an action upon an account stated.

APPEAL from the First District Court.

The facts are stated in the opinion.

*Snow & Hoge,* for Appellant.

*D. Cooper,* for Respondents.

SCHAEFFER, C. J., delivered the opinion of the Court:

The Appellant filed his complaint in the Fifth District Court against the Defendants, in which he charges that on or about the 28th of February, 1872, an account was stated between Plaintiff and Defendants, and upon such statement a balance of two thousand eleven and 65-100 dollars was found to be due to the Plaintiff; that Defendant then agreed to pay said sum to Plaintiff; that the same has not been paid, and that the same is now due to the Plaintiff, and he prays judgment, etc.

The answer of the Defendants denies that a statement of accounts was had, and also denies that that sum or any other sum is due from Defendants to Plaintiff, and prays for judgment, etc.

On the trial below the Plaintiff offered to prove the statement of accounts as alleged in his complaint. The Defendants, by their Attorneys, objected, on the ground that a copy of the items of the account and the amount stated, had not been furnished to them, although the same had been demanded under the Statute, and therefore all evidence thereof was precluded. The Court sustained the objection, and the Plaintiff excepted. Judgment was rendered in favor of the Defendants for costs, and the Plaintiff appealed to this Court and assigned for error the refusal of the Court to allow the Plaintiff to give evidence of an account having been stated as alleged in the complaint. Section 56 of our Practice Act provides, that "It shall not be necessary for a party to set forth in a pleading the items of an account therein alleged, but he shall deliver to the adverse party, within five days, or such other time as the Court shall direct, after demand thereof, in writing, a copy of the account, or be precluded from giving evidence thereof."

An action upon an account stated is not founded upon the original items of the account, but upon the balance ascertained by the mutual consent of the parties; it alleges the nature of the original indebtedness, and is itself in the nature of a new promise or undertaking. Carey *v.* P. & C. Petroleum Co., 33 Cal. 694.

It is true that upon a proper showing an account stated

may be impeached or falsified, and thereupon the Court will re-open the same and direct it to be taken *de novo*; but unless this is done, an account stated might be pleaded in bar to an action upon the original account.

We think, therefore, that the Section of our Practice Act above referred to does not include an action upon an account stated, and that the Plaintiff could not consistently furnish an itemized statement of the accounts previously existing between the parties as the ground upon which his action was founded, and the Court erred in refusing to allow the Plaintiff to introduce evidence to prove the statement of accounts and the new promises as alleged in his complaint, and therefore this cause must be reversed and remanded.

EMERSON and BOREMAN, J. J., concurred.