## St. Louis Lager Beer Bottling Co. v. Colorado National Bank of Denver.

1. An action on an account stated is not founded upon the original items but upon the balance ascertained by the mutual consent of the parties.

2. An allegation that one party made a statement of an account and delivered it to another, who made no objection to it, is not an allegation that an account was stated between them.

3. An account stated or settled is a mere admission that the account is correct; it is not an estoppel; the account is still open to impeachment for mistakes; the better practice would require the answer to set up the mistake on which the defendant relies to disprove the plaintiff's statement of the account.

*Error to District Court of Arapahoe County.*

THE facts are stated in the opinion.

Messrs. HARMON and ELLIS, for plaintiff in error.

Mr. H. C. DILLON, for defendant in error.

BECK, C. J.   Plaintiff in error brought this suit against the bank, the defendant in error, to recover an alleged balance of a deposit account, amounting to the sum of $504, together with special damages alleged to have accrued to the plaintiff by reason of defendant's refusal to honor its certain sight check, for $70, drawn in favor of S. H. Hastings & Co., in payment of a car load of empty bottles.

The plaintiff raised the point upon the trial, that the *second* count of his complaint was upon *an account stated*, and that no evidence was admissible under the pleadings to show that errors existed in the account rendered by the bank to the plaintiff, for the reason that none were alleged in the answer.

Bouvier defines an account stated to be, "an agreed balance of accounts. An account which has been examined and accepted by the parties."

" An account stated alters the nature of the original indebtedness, and is itself in the nature of a new promise or undertaking."

" An action on an account stated is not founded upon the original items, but upon the balance ascertained by the mutual consent of the parties."  *Carey v. Petroleum Co.* 33 Cal. 697.

There is no averment in the complaint that the balance claimed to be remaining upon deposit was an agreed balance, or that it was a balance ascertained by the mutual consent of the parties.   Had the complaint been in this form, and had the answer been in its present form, a simple denial, there would have been force in the objection that the account stated could not be opened under the issues.

An examination of the second count discloses that it sets out the evidence of the state of the accounts between the parties, from the 20th day of July, 1882, up to and including the 4th day of August following, for the purpose of showing, by debits and credits, the balance remaining on deposit to the credit of the plaintiff on the latter day.   There is no averment that the balance so claimed was stated, or an agreed balance, nor is there any positive averment of the amount of this balance; by computation, it may be seen to be the same amount alleged in the first count, to wit, $504.   This count concludes with the averment that, on said 4th day of August, the plaintiff drew a sight check upon the defendant for the sum of $70, payable to S. H. Hastings & Co., in the course of its business, in payment of a lot of empty bottles, which check the defendant refused to pay, alleging damages to plaintiff as a result of the refusal.

The first item of evidence stated in this count is, that, on the 20th day of July, 1882, there was to the credit of the plaintiff in the bank of the defendant, subject to sight check of the plaintiff, the sum of $1,289.73, as

shown by the deposit book furnished by defendant to plaintiff.

The effect of the foregoing averments is well described by Judge Comstock in *Emery v. Pease*, 20 N. Y. 64:

"The pleader has set forth some matters of evidence having, perhaps, a slight tendency to prove that the account had been taken, and the balance due to the plaintiff ascertained by the parties, according to the principles of the agreement between them. But he seems carefully to have avoided the very conclusion of fact which alone would justify a suit for the recovery of an ascertained and admitted balance, to wit, that the parties had stated the account, and that the statement thus made showed that there was due to the plaintiff the sum which he claimed to recover."

An allegation that one party made a statement of an account and delivered it to the other, who made no objection to it, is not an allegation that an account was stated between them.    Abbott's Trial Ev. 458.

Neither count of the complaint being, technically, upon an account stated, we are of opinion the court below properly admitted evidence under the general denials of the answer, to show an error in the deposit account of the plaintiff on the 20th day of July, and that the account was overdrawn when the seventy-dollar check was presented.

The proof on this point was clear and convincing. Herman Shradsky, on July 19, 1882, deposited to his own account the sum of $354, but by the error of a clerk, the amount was credited to the account of the plaintiff. The error was afterwards discovered by another clerk, and proper entries made in the respective accounts and books to correct the same. This is a portion of the money sued for.

The other item of the sum of $504, alleged to be withheld by the defendant, was paid out by the defendant

upon a check for $150, drawn July 3, 1882, by J. E. Schoenberg, then the duly authorized secretary of the plaintiff, but said check was not presented for payment until July 22d, two days after the resignation of said officer.

On July 20th, said Schoenberg called at the bank with Louis Levy, who on that day had succeeded him as secretary of the plaintiff, and notified Mr. Woodleton, assistant cashier of the defendant, of the change of secretaries, and that Mr. Levy would, thereafter sign all checks drawn on the deposit account of the plaintiff. No instructions were given not to pay outstanding checks previously drawn by Secretary Schoenberg, and the testimony amply shows that it was the understanding of the officers of the plaintiff that they should be paid as presented. Consequently, the one hundred and fifty dollar check of July 3d was paid by the bank without question, when presented.

The plaintiff is, therefore, no more entitled to a judgment for this item of $150 than he is for the item of $354 deposited by said Shradsky.

The only error committed by the defendant was, in crediting the $354, deposited by Shradsky, to the account of the plaintiff. This error appeared in the balance reported by the defendant to the plaintiff, July 20th, as standing to the plaintiff's credit upon the books of the bank on that day, making the balance appear to be $1,289.73; whereas, the true balance on that day was $935.73.

That the new secretary was not necessarily misled by this error is a reasonable deduction from the testimony. Schoenberg swears that on the day of his resignation Levy inquired of him how the bank account stood, and that he informed him there was to the credit of the plaintiff something over eight hundred or nine hundred dollars. That after the pass book had been written up and delivered to Mr. Levy, the witness picked it up, and

seeing a balance of $1,289.73 reported in plaintiff's favor, inquired of Levy how that came. Levy took the book out of his hand, saying he supposed there were some checks out that had not come in, showing that he expected outstanding checks to be paid, and that he did not rely upon a greater balance subject to check or draft than had been reported to him by the retiring secretary.

This testimony is confirmed by the testimony of James Blood, who swears that Mr. Levy told him, about August 7, 1882, that at the time he entered the office he was informed by Schoenberg, the former secretary, that there was to the credit of the plaintiff in the defendant's bank between eight hundred and nine hundred dollars. Under these circumstances, no necessity existed for an honest man, or a man of reasonable prudence, being misled by the error of the defendant, as Mr. Levy claims to have been misled. Instead of acting upon the information of the former secretary as to the amount of money subject to draft, and upon his suggestion as to the reason why the balance appeared to be greater, he commenced drawing upon the account as if no outstanding demands existed, and on August 4th had overdrawn the true balance of $935.73 to the extent of $209.46. On that day the bottle purchase was made, and the check for $70 given in payment, which was dishonored. Plaintiff alleges that in consequence of the non-payment of this check it failed to secure the lot of empty bottles so purchased. For this single error, then, of temporarily crediting money of another depositor to the account of the plaintiff, it claims to have failed to secure a seventy dollars' lot of old bottles purchased for its business, and to have been specially damaged in its credit and business reputation, for all of which injuries it demands judgment in the sum of $1,600.

If we could sustain the plaintiff's legal point, and hold the second count of the complaint to be upon an account stated, it would only necessitate the amendment of the

defendant's answer, which, under the facts developed, would be allowed; for, as said in *Goodwin v. Life Ins. Co.* 24 Conn. 602, however the law stood anciently on the effect of stating an account, it is now the established doctrine that an account stated may be impeached for fraud or mistake.

It is further held, that an account stated or settled is a mere admission that the account is correct. It is not an estoppel. The account is still open to impeachment for mistakes or errors. *Lockwood v. Thorne,* 18 N. Y. 292; *Hutchinson v. Market Bank of Troy,* 48 Barb. 324.

In such cases, however, the better practice would require the answer to set up the mistake on which the defendant relies to disprove the plaintiff's statement of the account. Abbott's Trial Ev. and cases cited, p. 463; *Krowenberger v. Binz,* 56 Mo. 121.

The judgment is affirmed.

*Affirmed.*