JOHN HEINRICH and others *vs.* HANS ENGLUND.

December 24, 1885.

Complaint—Account Stated.—*Held,* that the complaint states a cause of action.

Same—Promise to Pay.—In an action on an account stated, it is not necessary to allege a promise to pay the balance found due. It is sufficient to allege the facts from which the duty to pay arises.

Practice—Variance between Summons and Complaint—Judgment by Default.—Where the complaint states a cause of action arising on a contract for the payment of money only, and demands judgment for a certain sum, but the summons contains the form of notice prescribed by Gen. St., 1878, c. 66, § 54, subd. 2, and the summons and complaint are served together on defendant, a judgment in default of answer, entered by the clerk without application to the court, is valid.

Same—Appearance of Defendant—Entry of Judgment without Notice. In an action arising on contract for the payment of money only, where there has been an appearance, but no answer by defendant, he is not entitled to notice of the entry of judgment.

The plaintiffs commenced this action in the district court for Wright county by personal service of the summons with a copy of the complaint attached. The allegations of the complaint were: "*First.* That on the 13th day of March, 1883, at the town of Cokato, Wright county, an account was stated between the plaintiffs and the defendant, and upon such statement a balance of $695 was found to be due from said defendant to the plaintiffs. *Second.* That no part thereof has been paid." The prayer for judgment was in the usual form. The defendant duly appeared by attorney, but made no answer. Judgment by default was entered by the clerk of the court without notice to defendant, who appeals from an order by *Lochren,* J., refusing to set aside the judgment and dismiss the action.

*Robinson & Baker,* for appellant.

*E. E. Witchie,* for respondents.

MITCHELL, J. Appeal from an order denying a motion to vacate the judgment and dismiss the action. The grounds upon which the

motion was made were, in substance, (1) that the complaint did not state a cause of action; (2) that the clerk of the court had no authority to enter the judgment.

1. We think the complaint was good; certainly so after judgment. The expressions "account stated" and "to state an account" have a well-understood meaning. The allegations of the complaint that an account was stated between plaintiffs and defendant, and that upon such statement a certain balance was found due from the latter to the former, fairly mean that the parties had an accounting, and that the balance named was agreed on and admitted as the true balance between them. To allege a promise to pay this balance was unnecessary, and would really have added nothing to the complaint. It was sufficient to state the facts showing the duty to pay, without alleging the promise implied by law from these facts. Pom. Rem. § 538 et seq.; Bouslog v. Garrett, 39 Ind. 338.

2. The complaint alleged a cause of action arising on contract for the payment of money only, and demanded judgment for a specified sum, but the summons contained the notice prescribed by the second instead of the first subdivision of Gen. St. 1878, c. 66, § 54. The summons and complaint were served together on defendant. On default of answer judgment was entered by the clerk without application to the court. Inasmuch as both summons and complaint were served together, we think the variance between the two was immaterial. The defendant could not have been misled by the form of the notice, as the complaint informed him of the nature of the cause of action and the amount for which judgment was asked. He could not have taken advantage of the variance, under the circumstances, even on motion. Brown v. Eaton, 37 How. Pr. 325. The form of notice in the summons will confer no right upon a plaintiff to enter judgment without application to the court, when application is necessary by the form of the complaint; and, by analogy of reasoning, we think that when both summons and complaint are served, a plaintiff is entitled to judgment, without application to the court, notwithstanding the form of notice in the summons, when such application is unnecessary under the form of the complaint. But even if the plaintiffs in this case should regularly have applied to the court for judgment, their

failure to do so was an irregularity which did not prejudice defendant, for the reason that, under the complaint, plaintiffs would have been entitled to an order for judgment as a matter of course. *Libby* v. *Mikelborg*, 28 Minn. 38.

3. In an action arising on contract for the payment of money only, where the plaintiff is entitled to judgment as a matter of course on default of an answer, the appearance of defendant does not entitle him to notice of the entry of judgment, any more than in case of entry of judgment upon a verdict, finding, or report. *Dix* v. *Palmer*, 5 How. Pr. 233; *Southworth* v. *Curtis*, 6 How. Pr. 271; *Leyde* v. *Martin*, 16 Minn. 24, (38;) *Piper* v. *Johnston*, 12 Minn. 27, (60.)

Order affirmed.