(39 App. Div. 586.)

MOSS v. LINDBLOM et al.

(Supreme Court, Appellate Division, First Department. April 21, 1899.)

1. ACCOUNT STATED—COMPLAINT—SUFFICIENCY.

A complaint on an account stated need not set forth the subject-matter of the original debt. It need only show that an account was stated between the parties, and that a certain sum was found due, which was not paid.

2. SAME—DEMURRER.

The objection to a complaint on an account stated, that the account shows that another than defendant signed it, is not good on demurrer. The demurrer admits the allegation that the account was stated between the parties.

Van Brunt, P. J., dissenting.

Appeal from special term.

Action by Joseph L. Moss, Jr., against Robert Lindblom and others. From a judgment for defendants (56 N. Y. Supp. 746), plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Seward Baker, for appellant.
L. A. Gould, for respondents.

RUMSEY, J. The action is upon an account stated. The allegations of the complaint are that the defendants are nonresidents, and

were co-partners under the name of Robert Lindblom & Co., doing business as grain-commission brokers. The complaint then continues as follows:

"(2) That on the 1st day of June, 1898, an account was stated between the plaintiff and defendants, and upon such statement a balance of one hundred and sixty-two $50/100$ dollars was found to be due from said defendants to this plaintiff; said account or statement being hereto annexed. (3) That no part thereof has been paid, and there is now due from the defendants to the plaintiff the said sum of one hundred and sixty-two $50/100$ dollars, and interest from the 10th day of May, 1898, pursuant to said account."

The plaintiff's demand for judgment is the recovery of the sum of $162.50, with interest from May 10, 1898.

Attached to the complaint is a statement headed as follows:

"J. L. Moss,
"Account Current with Robert Lindblom & Company.
"Chicago, June 1, 1898."

Then follows a statement of the account, from which it appears that there was due to the plaintiff $162.50. This statement was signed as follows:

"Royal Trust Company,
"Assignee of Robert Lindblom & Company,
"Philip."

The demurrer is upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

When two parties have stated an account of their transactions between themselves, and reached a conclusion that a certain sum is due from one to the other, the law implies that the party against whom the balance appears agrees to pay that sum to the other party. 1 Am. & Eng. Enc. Law, p. 111. The cause of action in such a case does not arise upon the obligation originally created when the items of the indebtedness arose. It is the agreement of the parties, made after the transactions constituting the account, that a certain balance remains due from one to the other, and the promise of the party found to be indebted to pay to the other the sum so ascertained; and, in suing in this form of action, it is unnecessary for the complaint to set forth the subject-matter of the original debt. Schutz v. Morette, 146 N. Y. 137, 40 N. E. 870. The pleading is sufficient if it sets forth the fact that the account was stated between the parties, that a certain sum was found due from one to the other, and that such sum is not yet paid. From these facts the law implies the promise to pay, and it is never necessary to set forth the conclusion of law in a pleading, but only those facts from which the conclusion of law is implied. The statement in the second paragraph of the complaint that the balance of $162.50 was found to be due from said defendants to this plaintiff is a sufficient allegation, upon demurrer, that that sum was owing by the defendants to the plaintiff. Allen v. Patterson, 7 N. Y. 476, 480. The complaint, therefore, was clearly sufficient. Heinrich v. Englund, 34 Minn. 395, 26 N. W. 122.

The objection that it appears from the statement of the account annexed to the complaint that the statement was not made between the plaintiff and the defendants, but that another than the defendants

appears to have signed it, may be important upon the trial, but it is not material here. Whether the person who signed the statement was authorized to do so on behalf of the defendants is a mere matter of proof, to be considered at the trial of the action. Charman v. Henshaw, 15 Gray, 293. By the demurrer the defendants have admitted that the account was stated between the plaintiff and the defendants, as is alleged in the complaint, and upon that admission the plaintiff may rest, and the defendants must stand in this appeal.

The interlocutory judgment, therefore, must be reversed, with costs, and judgment entered for the plaintiff upon the demurrer, with costs, with leave to the defendants to withdraw the demurrer, and answer, upon payment of the costs of the court below and of this court. All concur, except VAN BRUNT, P. J., dissenting.