(37 Misc. Rep. 35.)

SCHUYLER v. BOOTH et al.

(Supreme Court, Special Term, New York County. January, 1902.)

**1. PARTNERSHIP—SUBROGATION.**

Where a partnership has been dissolved and an accounting shows one of the partners to be the creditor of the other, and such creditor partner pays an outstanding firm debt, he will be subrogated to the rights of the creditor whose debt he has paid in mortgages which the debtor partner gave him to secure the firm debt.

**2. SAME—PARTIES.**

In an action by a creditor partner to be subrogated to a mortgage given by a debtor partner to secure a firm creditor on payment by the creditor partner of a firm debt, the debtor partner is not a necessary party.

**3. COMPLAINT—DEMURRER.**

Where a complaint states a cause of action, either legal or equitable, a demurrer on the ground that it does not state facts constituting a cause of action is not good.

Action by Sidney S. Schuyler against Alfred W. Booth and others. Demurrer to complaint overruled.

W. Benton Crisp, for plaintiff.
Louis V. Booraem, for defendant Booth.

STECKLER, J. In this action by a former partner the plaintiff seeks to be subrogated to the rights of the creditor defendant Booth in certain mortgages held by him which were made by defendant Paret, the copartner, to secure payment of a firm obligation. The defendant Booth demurs on four grounds, which will be considered in their order:

1. That there is a defect of parties plaintiff, in that the defendant copartner should have been joined as plaintiff: The complaint shows that the copartnership is dissolved; that the plaintiff has paid all the firm debts except the note in suit, which is overdue; that an account has been stated between the copartners by which it

appears that the defendant copartner is indebted to the plaintiff in the sum of $7,871.06; that the plaintiff is in no wise indebted to Paret; and that defendants entered into an arrangement by which the creditor was to sue plaintiff and recover on the note, whereupon the mortgage security could be returned to the defendant Paret or his transferees in fraud of the plaintiff's rights. The right, if any, of the plaintiff to subrogation is an individual, not a partnership, right, and there seems to be no valid reason for joining Paret as a party plaintiff. Moreover, if in any aspect of the question he ought to have been joined as plaintiff, the alleged fraudulent agreement with the creditor is a sufficient reason for making him a defendant instead of a plaintiff. Code Civ. Proc. § 448; Calkins v. Smith, 48 N. Y. 618, 8 Am. Rep. 575. This ground of demurrer is not sustained.

2. That there is a defect of parties defendant, in that the person to whom Paret has conveyed his interest in the mortgaged realty and his individual creditors should be joined as defendants: Neither is this ground tenable. The security was given before Paret's transferees obtained any interest in the property, and they merely got the equity of redemption. The plaintiff, if subrogated to the mortgagee's rights, will stand in his shoes; so that it can make no difference to the present owners of the equity who holds the security. Their rights can be affected only on a foreclosure of the mortgages.

3. That causes of action have been improperly united: This contention cannot be sustained. There is but one, if any, cause of action stated, and that for subrogation on payment of the partnership indebtedness. See Pom. Code Rem. (3d Ed.) § 455. No relief is asked against the defendant Paret. There is nothing in the complaint which necessarily shows that Paret has individual creditors. For, although the plaintiff alleges that Paret is insolvent, it would seem a fair inference that insolvency was mentioned only in connection with his firm obligations.

4. That the complaint does not state facts sufficient to constitute a cause of action: The partnership having been dissolved, and an account stated between the copartners, which statement of an account is for present purposes sufficiently pleaded (Emery v. Pease, 20 N. Y. 62; Moss v. Lindblom, 39 App. Div. 586, 57 N. Y. Supp. 703; Allen v. Patterson, 7 N. Y. 476, 57 Am. Dec. 452; Cudlipp v. Whipple, 1 Abb. Prac. 106), the plaintiff, being the creditor partner in a sum exceeding $7,000, would, on payment of the note held by Booth, be entitled to be subrogated to the creditor's rights in the security held by him. Sells' Adm'rs v. Hubbell, 2 Johns. Ch. 394; Cuyler v. Ensworth, 6 Paige, 32; Arnold v. Green, 116 N. Y. 571, 23 N. E. 1; Sternbach v. Friedman, 34 App. Div. 534, 54 N. Y. Supp. 608; Sheld. Subr. (2d Ed.) 260. But the plaintiff has not paid the debt. He alleges, however, that the creditor threatened to sue him on the note; that he thereupon went to the creditor's attorney, stated he was ready and willing to pay the note, and would pay it provided the mortgage security was turned over to plaintiff, but that the attorney declined to accept payment on those terms. Plaintiff also avers facts showing a legal tender to the creditor of

the amount of the note and interest. I am inclined to think that the plaintiff establishes an equitable right to subrogation on payment of the debt. Although a covenant in one of the proposed assignments offered by plaintiff for execution by defendant (assuming that the annexation of the paper makes its contents appear on the face of the complaint) casts doubt upon the validity of the tender, it is not essential in equity to first pay the debt or make a technical tender before obtaining indemnity. See Railroad Co. v. Little, 41 N. J. Eq. 529, 7 Atl. 356. Indeed, the case is analogous in principle to a suit to redeem from a mortgage; for in such an action it is not necessary to allege that a tender or offer to pay the amount due upon the mortgage was made before the commencement of the action, and an offer in the complaint is at most a technical matter, serving no substantial purpose, because, in the judgment, the court always provides that redemption can be had upon payment of the amount due. Casserly v. Witherbee, 119 N. Y. 522, 23 N. E. 1000. So in this action the court can on the trial determine the rights of the parties, and the question of tender will be material in connection with costs and interest.

The objection that the plaintiff has an adequate remedy at law does not help the demurrer, for if his complaint states facts sufficient to constitute a cause of action it matters not whether it is legal or equitable. Pom. Code Rem. (3d Ed.) § 71. Demurrer overruled, with costs, with leave to defendant to answer over on the usual terms.

Demurrer overruled, with costs, with leave to defendant to answer over on usual terms.