## KELLY-HOW-THOMSON COMPANY v. MERRITT DEVELOPMENT COMPANY.[1]

November 12, 1920.

No. 21,803.

**Pleading — complaint.**

1. The complaint upon an account stated held sufficient as against objection first made in the trial.

**Account stated — failure to serve bill of particulars.**

2. Failure to serve a bill of particulars, though demanded, does not defeat a recovery upon an account stated, where the only defense is a general denial.

**Directed verdict sustained.**

3. The evidence justified a directed verdict.

Action in the district court for St. Louis county to recover $597.49 upon an account stated. The case was tried before Fesler, J., who at the close of the testimony denied defendant's motion for a directed verdict and directed a verdict in favor of plaintiff. From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Harris Richardson,* for appellant.

*Middaugh & Cuthbert,* for respondent.

HOLT, J.

Plaintiff sued to recover $597.49, setting forth the demand in two counts: The first, for goods sold and delivered to defendant of that agreed value; and the second, an account stated in the same amount. At the close of the evidence both parties moved for a directed verdict. Plaintiff's motion was granted, on the ground that the evidence conclusively established an account stated in the sum demanded. Defendant appeals from the order refusing to vacate the verdict and grant a new trial.

The second count of the complaint "alleges that heretofore and on or about the 21st day of April, 1919, an account was stated between the

[1] Reported in 179 N. W. 897.

plaintiff and defendant at the sum of five hundred ninety-seven dollars and forty-nine cents ($597.49), with interest since March 24, 1919, which defendant promised and agreed to pay to plaintiff, but said defendant has wholly failed and neglected to pay the same." Defendant objected to the introduction of any evidence to prove an account stated, claiming that the quoted part of the complaint does not state a cause of action. There was no demurrer and no objection to the pleading until after the trial began. In such a case the court will spell out a cause of action or a defense, even though the allegations savor somewhat of legal conclusions. However, this complaint seems to remove the objection upon which was grounded the appeal in Heinrich v. Englund, 34 Minn. 395, 26 N. W. 122, for here is a direct averment that defendant promised and agreed to pay the amount in which the account was stated. We think the complaint sufficient against an attack first made upon the trial. Schutz v. Morette, 146 N. Y. 137, 40 N. E. 780; Moss v. Lindblom, 39 App. Div. 586, 57 N. Y. Supp. 703. To allege that an account was stated in a certain sum means that the debtor and creditor agreed that at the end of their previous dealings the sum named was the correct amount due and owing from the former to the latter.

The main contention at the trial was that defendant had demanded a bill of particulars, but that the one served was insufficient to allow proof under either count.

It is doubtful whether the objection was well taken as to the first count. But the trial court placed his decision solely upon the second count, and we need go no farther upon this appeal. We conclude that G. S. 1913, § 7777, reading: "The items of an account need not be set forth in a pleading, but the party alleging it, if a written demand therefor be served by the adverse party, shall deliver a copy of the account within ten days after demand," etc., does not apply to an action upon an account stated. In such an action the items that go to make the sum agreed upon cannot be inquired into under a general denial, the answer here. Hence the sole issue presented at the trial was, did the parties agree upon the specific sum named as being the correct amount due from one to the other? The rule is thus stated in 1 C. J. p. 725: "No bill of particulars need be filed, nor need a copy of the original account be annexed to the complaint, in the absence of some statute to the contrary; nor is it

necessary in any way to describe the character of the original dealings out of which the accounting arose." There were no items in this account stated, and generally no items are involved in a suit upon an account stated. It is an action upon an express agreement to pay a sum certain. If the answer sought to surcharge the account stated on the ground of mistake or fraud, there might be some reason for holding a defendant then entitled to a bill of particulars, otherwise not. Auzeris v. Naglee, 74 Cal. 60, 15 Pac. 371; McDowell v. North, 24 Ind. App. 435, 55 N. E. 789; Salem Gravel Road Co. v. Pennington, 62 Ind. 175; Lyell v. Walbach, 111 Md. 610, 75 Atl. 339; Commercial Electrical Supply Co. v. Kroell, 85 Mo. App. 337; Martin v. Heinze, 31 Mont. 68, 77 Pac. 427; Hoff v. Pentz, 1 Abb. N. Cas. 288; Robbins v. Woodhull, 1 Utah, 317; Fitch v. Leitch, 11 Leigh, 471 (Va.). We are well aware that the Appellate Division in New York has held that in an action upon an account stated a bill of particulars may be demanded. Keyes v. George C. Flint Co. 69 App. Div. 141, 74 N. Y. Supp. 483. But in Cunard v. Francklyn, 49 Hun, 233, 1 N. Y. Supp. 877, a case much like the present on the evidence, it was held that no bill of particulars was demandable.

That there was an account stated in the amount named, we deem so conclusively established that a directed verdict was proper. The evidence shows that defendant, engaged in mining operations, ordered goods of plaintiff, from time to time, during November and December, 1918, and January and February, 1919; that with each shipment of goods from plaintiff's establishment invoices thereof were mailed defendant; that on April 5, 1919, plaintiff wrote defendant stating that the account amounted to $597.49 and urging immediate payment, to which defendant answered promising payment, making no objection whatever to the sum stated; that subsequent letters from defendant disclosed a willingness to pay without in the slightest questioning the amount claimed as due, although in another letter plaintiff again wrote: "The account still remains at $597.49." There was nothing for the jury to pass on. The evidence was conclusive that the sum named was agreed upon as the balance due plaintiff upon the previous dealings between the parties, for de-

fendant in writing agreed to pay every cent thereof. Kenyon Co. v. Johnson, 144 Minn. 48, 174 N. W. 436.

The order is affirmed.