<hr />

[Civil No. 1974. Filed November 16, 1921.]

[201 Pac. 843.]

## CHITTENDEN & EASTMAN COMPANY, a Corporation, Appellant, v. LEADER FURNITURE COMPANY, a Corporation, Appellee.

1. ACCOUNT STATED—PRIOR ACCOUNTS MERGED IN "STATED ACCOUNT."—The term "stated account" signifies an agreed balance between the parties to a settlement; it becomes a new agreement and takes the place of the obligations resting upon either party by reason of their prior account.

2. ACCOUNT STATED — MANNER OF PLEADING ACCOUNT STATED. — In pleading an account stated, it is sufficient to allege that the account was stated, that the statement showed a given balance due plaintiff by defendant, and that no part of it has been paid, and it is improper to allege facts relating to the prior transactions of the parties, or to the manner in which the new agreement came about.

3. ACCOUNT STATED—AGREEMENT TO PAY NEED NOT BE ALLEGED IN SUING ON ACCOUNT STATED.—A complaint on an account stated need not allege that defendant agreed to pay the amount shown by the account; the law implying a promise to pay.

APPEAL from a judgment of the Superior Court of the County of Cochise.  Albert M. Sames, Judge.  Reversed and remanded.

Mr. David Benshimol, for Appellant.

Messrs. Manatt & Stephenson, for Appellee.

McALISTER, J.—The Chittenden & Eastman Company, a corporation organized and existing under the laws of the state of Missouri, filed suit in the superior court of Cochise county against the Leader Furniture Company, a corporation organized under the laws of the state of Arizona, alleging its cause of action in the language following:

"(2) That on or about March 7, 1921 an account was stated by and between plaintiff and defendant by which there was ascertained to be due and owing plaintiff from defendant, a balance of $2,000.

"(3) That no part thereof has been paid, and the said sum of $2,000 is now due and owing."

To this defendant interposed a general demurrer, which was sustained by the court, but the plaintiff elected to stand upon its complaint, whereupon judgment was entered dismissing the action at its costs.  From the order sustaining the demurrer and the judgment, plaintiff appeals, no other error being assigned.

In support of the ruling sustaining the demurrer appellee contends that the allegation that "an account was stated by and between plaintiff and defendant" is merely a conclusion of law and raises no issue, because "the facts from which the law makes an account stated between the parties are not always uniform," and by way of example it suggests that such an account may arise in two ways: By implication from certain facts or as a result of an express agreement between the parties.  The term "stated account" sig-

nifies an agreed balance between the parties to a settlement; that is, that they have agreed after an investigation of their accounts that a certain balance is due from one to the other. But whether this agreement was express or implied is immaterial so long as it is actual; the agreement itself, and not the manner of reaching it, being the important consideration. "An account stated becomes a new agreement and takes the place of the obligations resting upon either party by reason of their prior account," and an action thereon is based on this new agreement into which the prior accounts have been merged. *Harrison* v. *Henderson,* 67 Kan. 202, 72 Pac. 878; *Holmes* v. *Page,* 19 Or. 232, 23 Pac. 961; *Carey* v. *Philadelphia & California Petroleum Co.,* 33 Cal. 694. It "is not founded upon the original items, but upon the balance ascertained by the mutual consent of parties." *Carey* v. *Philadelphia & California Petroleum Co., supra; Benites* v. *Hampton et al.,* 3 Utah, 369, 3 Pac. 206. The party in whose favor the balance in a stated account appears is virtually in the position of the holder of a promissory note, while the other party is obligated practically as the maker thereof. *Loventhal et al.* v. *Morris,* 103 Ala. 332, 15 South 672; *Volkening* v. *DeGraff et al.,* 81 N. Y. 268; *McCarthy* v. *Mt. Tecarte Land & Water Co.,* 111 Cal. 328, 43 Pac. 956.

Hence the allegation of facts relating to the prior transactions of the parties or referring to the manner in which the new agreement came about has no place in the complaint any more than the facts leading to the giving of a promissory note would be proper in a suit thereon. It would, of course, be otherwise if the action were based on the account while still open and unsettled, but the stating of it renders all transactions relating to the items of the original account a closed book, except where fraud or mistake in the settlement is alleged. It is not apparent, therefore,

wherein any facts other than that the account was stated, that such statement showed a balance of $2,000 due the plaintiff by the defendant, and that no part of it had been paid, are competent, relevant, or material, and, while appellee urges that the facts constituting the cause of action should be alleged, that appellee might know what it must meet in order to make its defense properly, yet it does not point out, or even suggest, what facts, other than those alleged, could possibly have any bearing on the question of whether a balance in their accounts was actually ascertained and agreed to by and between the parties. As said by the Supreme Court of New York in *Moss* v. *Lindblom et al.,* 39 App. Div. 586, 57 N. Y. Supp. 703:

"The pleading is sufficient if it sets forth the fact that the account was stated between the parties, that a certain sum was found due from one to the other, and that such sum is not yet paid."

See, also, the following: *Patillo et al.* v. *Allen-West Com. Co.,* 108 Fed. 723, 47 C. C. A. 637; *Heinrich et al.* v. *Englund,* 34 Minn. 395, 26 N. W. 122; *Watkins* v. *Ford,* 69 Mich. 357, 37 N. W. 300.

Our attention is called to one fact, however, which it is contended renders the complaint vulnerable, and that is that it does not allege that appellee agreed to pay the amount shown by the stated account. This is true, but, where it is shown that the parties have adjusted and settled their accounts by striking a balance, the amount thereof is admitted and acknowledged as due, and the law implies a promise to pay it. *Voight* v. *Brooks et al.,* 19 Mont. 374, 48 Pac. 549; *Watkins* v. *Ford,* 69 Mich. 357, 37 N. W. 300; *Chace* v. *Trafford,* 116 Mass. 529, 17 Am. Rep. 171.

"It is not necessary that there should be an express promise to pay, as appellants contend. On the contrary, there is an implied promise in law on the

part of him against whom the balance is found to pay, and action is maintainable thereon. *Jacques* v. *Hulit,* 16 N. J. L. 38; *Vanbebber* v. *Plunkett* [26 Or. 562, 27 L. R. A. 811], 38 Pac. 707. In *Heinrich* v. *Englund,* 34 Minn. 395, 26 N. W. 122, it was said of a complaint similar to that under consideration: 'The allegations of the complaint that an account was stated between plaintiffs and defendant, and that upon such statement a certain balance was found due from the latter to the former, fairly mean that the parties had an accounting, and that the balance named was agreed on and admitted as the true balance between them. To allege a promise to pay this balance was unnecessary, and would really have added nothing to the complaint. It was sufficient to state the facts showing the duty to pay, without alleging the promise by law from these facts.' The following authorities are directly in point to the effect that under code procedure it is not necessary to allege a promise to pay, it being sufficient to allege the facts from which the duty to pay arises: Pom. Code Rem., § 538 et seq.; Baylies' Code Pl., § 27; Phil. Code Pl., § 474; *Mackey* v. *Auer,* 8 Hun, 180; *James* v. *Fellowes,* 20 La. Ann. 116; *Claire* v. *Claire,* 10 Neb. 54, 4 N. W. 411; *Bouslog* v. *Garrett,* 39 Ind. 338. The general demurrer was properly overruled." *Voight* v. *Brooks, supra.*

Appellee relies on a statement in *Herr* v. *Kennedy,* 22 Ariz. 141, 195 Pac. 530, as authority for its contention that only a conclusion of law is alleged, but in that case the allegation was that the "plaintiff on the tenth day of December, 1918, and prior thereto, was indebted to the defendant in the sum of $595.58 upon an account stated." This is an allegation of indebtedness without a sufficient statement as to how it arose, but to allege that an account was actually stated on or about a certain date, that a balance of so much was thereby ascertained to be due from one to the other, and that no part thereof has been paid, is merely a succinct statement of the ultimate facts the plaintiff must prove. And, as appears from the re-

marks of the Supreme Court of Minnesota in *Heinrich et al.* v. *Englund, supra:*

"The allegations of the complaint that an account was stated between, plaintiffs and defendant, and that upon such 'statement a certain balance was found due from the latter to the former, fairly mean that the parties had an accounting, and that the balance named was agreed on and admitted as the true balance between them."

Hence the issues were "whether an account showing a balance had been rendered to the defendant and assented to by him" (*Loventhal* v. *Morris, supra*) and whether it had been paid.

The judgment is reversed and the case remanded, with instructions to overrule the demurrer.

ROSS, C. J., and FLANIGAN, J., concur.