AMERICAN LITHOGRAPHIC COMPANY, Respondent, *v.* DORRANCE-SULLIVAN & COMPANY, Appellant.

First Department, April 3, 1925.

Contracts — account stated — sufficiency of complaint — complaint alleged account stated and promise to pay — account stated annexed to complaint — complaint insufficient unless it shows promise to pay account stated — account stated consists of two letters, one by plaintiff containing statement of account, and other by defendant stating it would pay when its client paid, and that plaintiff had not complied with agreement — no promise shown to pay account as stated — complaint is insufficient.

A complaint in an action on an alleged account stated is insufficient where there is no allegation as to the contractual obligation other than a promise to pay the account stated, unless the alleged account stated, which is annexed to the complaint, contains a sufficient promise to pay.

In this action the alleged account stated, which was annexed to the complaint, consisted of a statement of the account by the plaintiff to the defendant, and a letter from the defendant to the plaintiff, in which the defendant stated that the plaintiff would have to wait for its pay until defendant's client paid it, and that, inasmuch as the plaintiff had not completed the work within the contract period, it was of no value to the defendant's client. The alleged account stated does not contain any promise by the defendant to pay, but the defendant's letter may be regarded as an intimation that it would not pay any part of the claim unless its client paid it the amount of the claim, and, therefore, the complaint is insufficient.

MERRELL and FINCH, JJ., dissent, with opinions.

APPEAL by the defendant, Dorrance-Sullivan & Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of October, 1924, denying defendant's motion to dismiss the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action.

*Walter & Wolff* [*Alfred A. Walter* of counsel], for the appellant.

*Oudin, Kilbreth & Schackno* [*Henry G. Schackno* of counsel], for the respondent.

MARTIN, J.:

The amended complaint purports to set forth a cause of action on an account stated. It is alleged that " an account was stated between the plaintiff and the defendant (a copy whereof is hereto annexed, marked ' Exhibit A ' and made a part hereof); that upon such statement a balance of Six thousand six hundred dollars ($6,600) was found and agreed to be due to the plaintiff from the defendant; * * * that the defendant then and there promised to pay the same, but that no part thereof has been paid." Such a

promise, if made, is enforcible only in so far as it is based on the alleged account stated; for there are no allegations other than those quoted above to in any way suggest a contractual obligation..

Turning then to "Exhibit A" we find that it is made up of copies of two letters, exchanged between the parties and a statement of an account. It appears from these exhibits that it stated a balance to be due from defendant to plaintiff of $6,600 for 22.00 M. "Colorgraphic Mailers and Cards on hand."

Plaintiff's letter reads:

"Referring to the enclosed regular monthly statement of account as at Aug. 1st, please note that the June 28th charge amounting to $6,600 is now due.

"Will you kindly compare the same with your books and if it agrees, be good enough to favor us with check at an early date?"

Defendant's reply is in part as follows:

"Answering your letter of August 1st, regarding your June 28th charge against us amounting to $6,600, which covers work done for the Superior Underwear Company, we must ask you to wait until our client pays us for this job, the reason for this being that the job was ordered to be delivered at a specified time and you were 35 days late on this delivery; therefore, the job was of no value to them at that time necessitating them carrying it over for another season.

"We expect that the Superior Underwear Company will make payment within a reasonable time and we must ask your indulgence in the matter until that time."

These communications so interchanged between the parties, it is argued by plaintiff, constitute an account stated. Plaintiff's theory is in effect that they foreclose defendant from offering any defense. Though not without some force as tending to admit liability, the letter from defendant is far from an unqualified expression of acquiescence that the sum of $6,600 is due as set forth in the statement inclosed in plaintiff's letter. It is to be borne in mind that we are considering whether the writings copied into "Exhibit A" in and of themselves constitute an account stated and not merely their evidentiary value to prove, with other evidence, an account stated. The letter from defendant may be regarded as an intimation that defendant will not pay any part of the claim if it is not paid by the underwear company.

In *Quincey* v. *White* (63 N. Y. 370, 377) the court said: "An account stated is an admission of the correctness of the account. The weight of this kind of admission depends upon circumstances. If both parties personally examine an account and assent to its correctness, it furnishes very clear evidence of the fact. If an

account is delivered to a party, and he makes no objection to it for a period sufficient to enable him to do so, it may be inferred that he assented to its correctness, and it would *prima facie* prove the account.  The force and character of an account stated are well expressed in *Lockwood* v. *Thorne* (18 N. Y. 285).  The rule is not an arbitrary or artificial one.  It is based upon the ordinary conduct of men in protecting their own interests.  If a charge is made against a person, or an assertion of indebtedness, under such circumstances that if not true such person would naturally deny it, the inference may be drawn that, by not denying he assented to it.  This species of proof, that is an inference from silence, is, of course, far from conclusive, and not always very satisfactory, but it is sufficient often, in the absence of contradictory evidence, to establish the fact sought to be proved.  There must be enough shown, however, to justify an inference of assent in order to make it *prima facie* proof."

In *Newburger-Morris Co.* v. *Talcott* (219 N. Y. 505, 511) it was said: " There is no doubt that an account stated may sometimes result from the retention of accounts current without objection (*Knickerbocker* v. *Gould,* 115 N. Y. 533, 537; *Spellman* v. *Muehlfeld,* 166 N. Y. 245).  But the result does not always follow.  It varies with the circumstances that surround the submission of the statements (*Harvey* v. *West Side Elevated R. Co.,* 13 Hun, 392; *Eames Vacuum Brake Co.* v. *Prosser,* 157 N. Y. 289, 300), and those circumstances include, of course, the relation between the parties."

In *Volkening* v. *DeGraaf* (81 N. Y. 268) Chief Judge FOLGER said: " To maintain the action as averred in the complaint, the plaintiff must prove an account stated; that and nothing else will support his allegations.  An account stated is an account balanced and rendered, with an assent to the balance express or implied; so that the demand is essentially the same as if a promissory note had been given for the balance."

In *Stenton* v. *Jerome* (54 N. Y. 480) it was said: " But what is an account stated?  It takes two parties to make one, the debtor and creditor.  There must be a mutual agreement between them as to the allowance and disallowance of the respective claims, and as to the balance as it is struck upon the final adjustment of the whole account and demands of both sides.  Their minds must meet as in making other agreements, and they must both assent to the account and the balance as correct."

We are of the opinion that the allegations of plaintiff's complaint are insufficient to state a cause of action.  The defendant's motion, therefore, to dismiss the complaint should be granted.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within twenty days from service of order on payment of said costs.

Dowling and McAvoy, JJ., concur; Merrell and Finch, JJ., dissent in separate opinions.

Merrell, J. (dissenting):

I am in doubt as to the correctness of the conclusion reached by a majority of the court, and am of the opinion that the Special Term properly denied defendant's motion to dismiss the amended complaint for insufficiency. I think the allegations of the complaint were sufficient to set forth a cause of action upon an account stated. The prevailing opinion correctly states the necessary elements of an account stated, and the quotations from the authorities cited in the opinion of Mr. Justice Martin correctly state the principle upon which such a cause of action depends. I think the allegations of the amended complaint bring the case at bar within those authorities. Exhibit A, annexed to the complaint, consists of two letters, the first, from the plaintiff to the defendant, inclosing a monthly statement of the defendant's account and directing defendant's attention to the item of $6,600 then claimed by the plaintiff to be due. The plaintiff then asks the defendant to kindly compare the statement with defendant's books, and, if it agreed, to favor the plaintiff with a check in payment at an early date. Defendant's reply to such request of the plaintiff forms a part of Exhibit A, annexed to the complaint, and therein the defendant does not dispute the accuracy of the charge of $6,600, but, referring to said item, the defendant writes the plaintiff that the item covered work done for the Superior Underwear Company, evidently a customer of the defendant, and defendant wrote: " We must ask you to wait until our client pays us for this job, the reason for this being that the job was ordered to be delivered at a specified time and you were 35 days late on this delivery; therefore, the job was of no value to them at that time necessitating them carrying it over for another season." From the above quotation from the defendant's letter it is plain that the defendant was not repudiating the plaintiff's bill, but was asking the plaintiff, in view of the fact that the goods had not been delivered at the time agreed upon, to " *wait* " until the defendant received payment therefor from its client. It is quite evident from the defendant's letter that the goods were accepted by the defendant and that any delay in delivering the same had been waived. In the final paragraph of defendant's letter the defendant

writes the plaintiff: " We expect that the Superior Underwear Company will make payment within a reasonable time and we must ask your indulgence in the matter until that time."

It strikes me that defendant's letter was not a repudiation of the plaintiff's claim in any respect, but, on the contrary, admitted the amount of the claim of the plaintiff and that defendant was indebted to plaintiff therefor. All that defendant was asking was a forbearance by plaintiff until the defendant should collect from its customer. The plaintiff sold no goods to the Superior Underwear Company, and the latter was in nowise indebted to the plaintiff. The defendant accepted a delayed delivery of the goods and waived any objection to the delivery which the plaintiff made. The defendant raises no word of objection to the amount or correctness of the plaintiff's bill, but, because of inability to collect from its client, asks plaintiff to wait for its pay until the client made payment.

I think the amended complaint alleged facts sufficient to constitute a cause of action upon an account stated, and that the Special Term properly denied defendant's motion to dismiss the same.

FINCH, J. (dissenting):

This is an appeal from an order denying a motion made by the defendant to dismiss the complaint as a matter of law and not permitting the plaintiff an opportunity to prove an account stated with the aid of a certain writing called Exhibit A, together with such other evidence as the plaintiff may have.

There is no doubt that in order to create an account stated, there must be facts from which an agreement can be spelled out that a definite amount is absolutely due as a claim against the defendant, " so that the demand is essentially the same as if a promissory note had been given for the balance." (*Volkening* v. *DeGraaf*, 81 N. Y. 268.) While in the case at bar the writing relied upon by the plaintiff as showing an account stated, does not upon its face meet the aforesaid requirements, it is susceptible of such a construction, namely, that the defendant admitted the correctness of the charge, asking only for time in which to pay the same. The mere fact that the defendant stated that the work had been done for a client of theirs, does not show as a matter of law that the plaintiff dealt with the defendant as agent, since, as was said in *Meyer* v. *Redmond* (141 App. Div. 123; affd., 205 N. Y. 478): " If a person, in fact an agent, undertakes to contract as principal, he becomes such, notwithstanding the other party may suspect that he is an agent, and has means of ascertaining the name of the principal."

If the defendant wished to write the plaintiff that it was not liable but that some other person was liable, there was a much shorter and more direct way of stating it, namely, " we owe you nothing," instead of asking time within which to pay it. The fact that the writing also is susceptible of another construction renders the same ambiguous, and hence it may be supplemented by other evidence to show the relations of the parties and that the defendant did in fact agree to the account stated by the plaintiff. As was said by Mr. Justice MERRELL in *Hendricks* v. *Clements* (195 App. Div. 144, 149): " Parol evidence is also admissible in cases where the written contract is upon its face ambiguous or incomplete."

For these reasons the court was right in refusing to dismiss the complaint as a matter of law and permitting the same to go to trial. As was said by Mr. Justice RUMSEY in *Moss* v. *Lindblom* (39 App. Div. 586): " The objection that it appears from the statement of the account annexed to the complaint, that the statement was not made between the plaintiff and the defendants, but that another than the defendants appears to have signed it, may be important upon the trial, but it is not material here. Whether the person who signed the statement was authorized to do so on behalf of the defendants is a mere matter of proof to be considered at the trial of the action."

It follows that the order appealed from should be affirmed, with ten dollars costs and disbursements.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, with leave to plaintiff to serve an amended complaint within twenty days from service of order upon payment of said costs.